## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **PEGGY LYNN LUNDINE** *on behalf of herself and others similarly situated,*  Plaintiff, vs. **GATES CORPORATION**, Defendant. | Case No.:  6:18-cv-1235 |

_____

### COMPLAINT
### Collective Action under Fair Labor Standards Act
### Rule 23 Class Action under the Kansas Wage Payment Act

**COMES NOW**, the Plaintiff Peggy Lundine, on behalf of herself and all others similarly situated, and brings this action against Defendant Gates Corporation for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Kansas Wage Payment Act ("KWPA"), Kan. Stat. § 44-313 *et seq.*, for failing to pay overtime at one and one-half the regular rate of pay for all overtime hours worked within a workweek.  Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all similarly situated persons working as hourly nonexempt manufacturing employees for Defendant at its fourteen (14) manufacturing facilities located in eleven states.  Plaintiff's KWPA claims are asserted under Fed.R.Civ.P. 23 on behalf of all similarly situated persons working as hourly nonexempt manufacturing employees for Defendant at its Iola, Kansas facility.  The following allegations are based on personal knowledge as to Plaintiff's experiences and are made on information and belief as to the acts and experiences of others similarly situated.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, in that this action is being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

2. Venue is proper in the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1391 because Defendant maintains a business location in Iola, Allen County, Kansas where Plaintiff was employed as an hourly nonexempt manufacturing employee, and Defendant does business in this district.

## PARTIES

3. Defendant Gates Corporation ("Gates" or "Defendant") is a Delaware corporation registered and in good standing in the State of Kansas with a registered agent of: The Corporation Company, Inc.; 112 S.W. 7th Street, Suite 3C; Topeka, Kansas 66603.

4. Defendant is a manufacturer of fluid power and power transmission solutions such as hydraulic hoses and belts. Its headquarters is located at 1551 Wewatta Street, Denver, Colorado 80202. Defendant operates a manufacturing facility at 1450 Montana Road, Iola, Allen County, Kansas 66749. Defendant operates thirteen (13) other manufacturing facilities in the States of Alabama, Arkansas, Florida, Georgia, Illinois, Kentucky, Missouri, New Hampshire, Pennsylvania, and Texas.

5. Defendant is engaged in interstate commerce by, among other things, manufacturing and selling products made at its manufacturing locations.

6. Upon information and belief, Defendant's gross annual sales made or business done has been $500,000 per year or greater at all relevant times.

7. Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

8. Defendant is, and has been, an "employer" of Plaintiff, and others similarly situated, within the meaning of the KWPA, Kan. Stat. § 44-313(a).

9. Plaintiff Peggy Lundine (hereafter "Plaintiff") resides in Humboldt, Allen County, Kansas. Plaintiff worked for Defendant as an hourly nonexempt manufacturing employee from February 1992 through December 1, 2017 at its facility located in Iola, Kansas. During this time frame, the Plaintiff worked in the following manufacturing positions: mandrel lube, warehouse, and some in assembly. In these positions, the Plaintiff was treated as a nonexempt (overtime eligible) employee paid by the hour. Numerous other similarly situated hourly nonexempt manufacturing employees are employed by Defendant at this location including persons called "Team Leads."

10. Plaintiff, and others similarly situated, are current or former employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

11. Plaintiff, and others similarly situated, are current or former "employees" of Defendant within the meaning of the KWPA 44-313(b).

12. Plaintiff and others similarly situated have been employed by Defendant within two to three years prior to the filing of this lawsuit. *See* 29 U.S.C. § 255(a).

13. Plaintiff and others similarly situated are individuals employed, or previously employed, by Defendant with the primary duties of performing manufacturing tasks in the production, warehousing, shipping, and packaging of Gates' products who were paid by the hour as nonexempt employees eligible for overtime. ("hourly nonexempt manufacturing employees")

**FACTUAL ALLEGATIONS**

14. As hourly nonexempt manufacturing employees of Defendant, Plaintiff and others similarly situated, have the primary duties of performing manual manufacturing tasks in the production of Gates' products. This primary duty established the Plaintiff and others similarly situated as being entitled to overtime pay under the FLSA and KWPA (*i.e.,* nonexempt employees under the FLSA and the KWPA).

15. On a weekly basis throughout their employment with Defendant, the Plaintiff and others similarly situated routinely worked in excess of forty hours per workweek without receiving proper overtime compensation for all overtime hours worked as required under the FLSA and the KWPA. Defendant has a policy and practice requiring all hourly nonexempt manufacturing employees to arrive at their work station between early before each shift (usually 10-15 minutes, but longer on other occasions) to perform work related activities such as, but not limited to: meeting and transitioning with prior shift on any issues regarding production, supply, maintenance, and other pre-shift activities. Defendant also has a policy and practice requiring hourly nonexempt manufacturing employees to remain after their shift if necessary to perform work to assist in the transition to the next shift. Defendant does not permit the Plaintiff and other similarly situated employees to report this pre-shift or post-shift time as work performed, and in turn, they are denied overtime compensation resulting from this policy and practice.

16. Regarding the policy set forth in ¶ 15, the Plaintiff, and others similarly situated, were required to perform this "off the clock" work each and every week worked for the Defendant as an hourly nonexempt manufacturing employees.

17. Regarding the allegations asserted in ¶ 15, the Plaintiff observed the other hourly nonexempt manufacturing employees in her respective work areas throughout her employment as being subject to the same policy of requiring pre-shift and post-shift "off the clock" work and thereby denying these persons overtime pay.

18. Defendant has a policy or practice of counseling, disciplined or terminating hourly nonexempt manufacturing employees for a failure to be present at their work stations for the pre-shift and post-shift work described in ¶ 15.

19. The FLSA and KWPA requires covered employers such as Defendant to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek. The Defendant's policy and practice as alleged herein violates the FLSA and the KWPA in that Defendant knowingly allows, permits and/or requires Plaintiff, and others similarly situated, to perform work "off the clock" which in turn denies overtime pay in violation of the FLSA and KWPA.

20. Defendant's conduct was willful and in bad faith. Defendant was aware, or should have been aware, that Plaintiff and others similarly situated performed work that required payment of the correct overtime compensation for all hours actually worked, and that its policy and practice of requiring pre-shift and post-shift "off the clock" work denied them of such compensation required under the FLSA and KWPA.

21. Upon information and belief, Defendant did not keep accurate records of hours worked by Plaintiff and others similarly situated as required by law.

## COUNT I
## FLSA COLLECTIVE ACTION

22.     Plaintiff, on behalf of herself and others similarly situated, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

23.     The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

24.     Plaintiff files this action on behalf of herself and all others similarly situated pursuant to the FLSA, 29 U.S.C. §216(b).  The proposed collective class for the FLSA claims is defined as follows:

> All persons who worked as hourly nonexempt employees in the manufacturing process for Defendant (including "Team Leads") at all its manufacturing locations within three years prior to the filing of this Complaint (hereafter the "FLSA Collective").

25.     This Complaint may be brought and maintained as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. §216(b), for all claims asserted by the Plaintiff because the claims of the Plaintiff are similar to the FLSA Collective.

26.     During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation at the proper overtime rate of pay for their overtime hours worked in violation of the FLSA.

27.     Plaintiff, and the FLSA Collective, are similarly situated in that are all subject to Defendant's same policies and procedures governing every aspect of their job duties, all routinely work(ed) in excess of forty hours per workweek, and are all subject to the same pay policy and practice of requiring all hourly nonexempt manufacturing employees to arrive and remain at their work station before and after each shift to perform

work related activities without permitting the reporting of this as time worked resulting in overtime pay being denied.

28.     Defendant is liable under the FLSA, 29 U.S.C. § 201, *et seq.*, for failing to properly compensate Plaintiff and the FLSA Collective for overtime pay owed.

29.     Plaintiff and the FLSA Collective are victims of Defendant's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, and that have caused significant damage to Plaintiff and the FLSA Collective.

30.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

31.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered, and will continue to suffer, a loss of income and other damages.  Plaintiff and the FLSA Collective under § 216(b) of the FLSA are entitled to liquidated damages and attorney's fees and costs incurred in connection with enforcing this claim.

32.     The Plaintiff and the FLSA Collective have suffered from Defendant's common policies and would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join.  Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of herself and others similarly situated, pray for relief as follows:

a) Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b) Judgment against Defendant finding it failed to properly pay Plaintiff and those similarly situated overtime at the correct overtime rate of pay for all overtime hours worked as required under the FLSA;

c) Judgment against Defendant for Plaintiff and those similarly situated for damages for unpaid overtime pay;

d) An amount equal to their damages as liquidated damages;

e) A finding that Defendant's violations of the FLSA are willful;

f) All costs and attorneys' fees incurred prosecuting this claim;

g) An award of prejudgment interest (to the extent liquidated damages are not awarded);

h) Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

i) Leave to amend to add additional state law claims; and

j) All further relief as the Court deems just and equitable.

## COUNT II
## RULE 23 CLASS UNDER KWPA FOR OVERTIME OWED

33. Plaintiff, on behalf of herself and others similarly situated, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

34. The KWPA requires an employer such as Defendant to pay employees such as Plaintiff, and others similarly situated, the earned wages owed on each of the employer's designated pay periods. Kan. Stat. § 44-314(a). Overtime wages at one and one-half an employee's regular rate of pay, for all overtime hours worked per workweek,

as required under the FLSA become due on each of Defendant's pay periods.  As alleged above, Defendant has failed to properly pay these overtime wages owed under the FLSA.

35. Plaintiff brings her overtime wage claim pursuant to the KWPA, Kan. Stat. § 44-313 *et seq.* as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following class:

> All persons who worked as hourly nonexempt employees in the manufacturing process for Defendant (including "Team Leads") at its Iola, Kansas plant within three years prior to the filing of this Complaint (hereafter the "Kansas Overtime Class").

36. Defendant violated the KWPA by failing to compensate Plaintiff and the Kansas Overtime Class overtime wages due at each pay period for all overtime hours worked as required under the FLSA.

37. Class action treatment of Plaintiff's KWPA claim is appropriate because, as alleged in paragraphs 38-43, *infra*, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

38. The Kansas Overtime Class includes over fifty individuals and, as such, is so numerous that joinder of all class members is impracticable.

39. Plaintiff is a member of the Kansas Overtime Class and her KWPA claim is typical of the claims of other Kansas Overtime Class members.  For example, Plaintiff and the Kansas Overtime Class members share an identical legal and financial interest in obtaining a judicial finding that Defendant violated the KWPA when it failed to pay them for all overtime hours worked as required under the FLSA.  Plaintiff has no interests that are antagonistic to or in conflict with the Kansas Overtime Class' interest in obtaining such a judicial finding.

40. Plaintiff will fairly and adequately represent the interests of the Kansas Overtime Class, and she has retained competent and experienced counsel who will effectively represent the interests of the Kansas Overtime Class.

41. Questions of law and fact are common to the class. The Plaintiff and the Kansas Overtime Class have been subjected to the common business practices described in paragraph 39, *supra*, and the success of their claims depends on the resolution of common questions of law and fact. Common questions of fact include whether the Plaintiff and the Kansas Overtime Class worked in excess of forty hours per work week, whether they were paid overtime as required, and whether Defendant had actual or constructive knowledge that Plaintiff and others similarly situated worked more overtime hours than reported. Common questions of law include, *inter alia*, whether Defendant's conduct as alleged herein violated the KWPA for failing to pay all wages due on each and every pay period as required under the FLSA.

42. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual Kansas Overtime Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of non-party Kansas Overtime Class members.

43. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact, as referenced in paragraph 41 *supra*, predominate over any questions affecting only individual Kansas Overtime Class members. In the absence of class litigation, such common questions of law and fact would

need to be resolved in multiple proceedings, making class litigation superior to other available methods for the fair and efficient adjudication of this litigation.

44. The foregoing conduct, as alleged, constitutes a willful violation of the KWPA as Defendant knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws. In turn, under KWPA, Kan. Stat. § 44-315(b), Plaintiff and the Kansas Overtime Class are also entitled to liquidated damages set forth in this statute.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of herself and the Kansas Overtime Class, seek the following relief:

a) Designation of this action as a class action under FED.R.CIV.P. 23 on behalf of the Kansas Overtime Class and issuance of notice to said members apprising them of the pendency of this action;

b) Designation of Peggy Lundine as Representative Plaintiff of the Kansas Overtime Class;

c) Designation of Brendan J. Donelon and Daniel W. Craig of the law office of Donelon, P.C. as the attorneys representing the Kansas Overtime Class;

d) A declaratory judgment that the practices complained of herein are unlawful under the KWPA;

e) An injunction against Defendant and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

f) An award of damages for wages due the Plaintiff and Kansas Overtime Class, including liquidated damages allowed under the KWPA to be paid by Defendants;

g) Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

h) Pre-Judgment and Post-Judgment interest, as provided by law; and

11

i) Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY

The Plaintiff in the above captioned matter hereby demands a jury for all claims set forth herein.

## LOCATION OF TRIAL

The location of this trial should be Wichita, Kansas.

Respectfully Submitted,



*/s/ Brendan J. Donelon*
Brendan J. Donelon, KS 17420
420 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:   (816) 221-7100
Fax:   (816) 709-1044
brendan@donelonpc.com

Daniel W. Craig
6614 Clayton Rd., #320
St. Louis, Missouri 63117
Tel:   (314) 297-8385
Fax:   (816) 709-1044
dan@donelonpc.com

ATTORNEYS FOR PLAINTIFF


12