# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PEGGY LUNDINE, on behalf of herself and
others similarly situated,

    *Plaintiff,*

vs.

Case No. 18-1235-EFM

GATES CORPORATION,

    *Defendant.*

# MEMORANDUM AND ORDER

Before the Court is Plaintiff Peggy Lundine's Motion for Conditional Class Certification (Doc. 23). Lundine brings this collective class action lawsuit under § 216(b) of the Fair Labor Standards Act ("FLSA") on behalf of all similarly situated nonexempt manufacturing employees working at Defendant Gates Corporation's ("Gates") 14 manufacturing facilities in 11 states. For the following reasons, the Court grants Lundine's motion for conditional class certification.

## I.     Factual and Procedural Background

Peggy Lundine worked for Gates from February 17, 1992, to December 1, 2017, in an hourly, nonexempt manufacturing role. Gates is a manufacturer of fluid and power transmission solutions such as hydraulic hoses and belts. It is incorporated under the laws of Delaware and headquartered in Denver, Colorado. Gates operates 14 manufacturing facilities in Alabama,

Arkansas, Florida, Georgia, Illinois, Kentucky, Missouri, New Hampshire, Pennsylvania, Texas, and Kansas. Lundine worked for Gates in its Iola, Kansas manufacturing facility.

Lundine asserts that Gates failed to compensate her and other similarly situated employees for overtime work. Lundine alleges that Gates regularly required her to work before and after her scheduled shift while prohibiting her from reporting the overtime work. She alleges that by this policy and practice, Gates routinely denied overtime compensation to many hourly, nonexempt manufacturing employees across Gates's various nationwide facilities. To support her claims, Lundine submits affidavits from the following 12 Gates employees: John Stranghoner and Jim Atkins, also employed at the Iola facility; Zachary Teehe and Hannah Arnold, employed at Gates's manufacturing facility in Siloam Springs, Arkansas; Anthony Rodgers, Ethan Hammock, Jeremy Chamblee, and Courtney Belue, all of whom worked at Gates's Red Bay, Alabama facility; Shawn Tubbs and Andrew Despain, employed at Gates's facility in Poplar Bluff, Missouri; as well as Mary Von Kannon-Marchland and Elizabeth Lydy, who worked at Gates's Galesburg, Illinois facility.

Lundine filed this lawsuit against Gates on August 21, 2018, seeking damages under the FLSA and the Kansas Wage Payment Act. She now moves for conditional class certification under the FLSA to proceed with the lawsuit on behalf of herself and others similarly situated.

## II. Legal Standard

The FLSA permits legal action "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."[1] Unlike class actions pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a collective action

---

[1] 29 U.S.C. § 216(b).

brought under the FLSA includes only those similarly-situated individuals who opt into the class.[2] But the FLSA does not define what it means to be "similarly situated." Instead, the Tenth Circuit has approved an *ad hoc*, two-step approach to § 216(b) certification claims.[3] The *ad hoc* approach employs a two-step analysis for determining whether putative opt-in plaintiffs are similarly situated to the named plaintiff.[4]

First, in the initial "notice stage," the court "determines whether a collective action should be certified for purposes of sending notice of the action to potential class members."[5] The notice stage "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[6] The standard for conditional certification at the notice stage is lenient and typically results in certification for the purpose of notifying potential plaintiffs.[7]

The second step of the *ad hoc* approach occurs after discovery.[8] At this stage, the district court applies a stricter standard and reviews the following factors to determine whether the opt-in

---

[2] *See id.* (stating that employees must give written consent to become party plaintiffs).

[3] *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). Although *Thiessen* involved a collective action brought under the Age Discrimination in Employment Act ("ADEA"), the Tenth Circuit explicitly noted that the ADEA adopts the class action opt-in mechanism set out in section 216(b) of the FLSA. *Id.* at 1102. For that reason, *Thiessen* controls the analysis in this case. *See Peterson v. Mortg. Sources Corp.*, 2011 WL 3793963, *4, n.12 (D. Kan. 2011).

[4] *Thiessen*, 267 F.3d at 1102–03.

[5] *Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004).

[6] *Thiessen*, 267 F.3d at 1102 (internal quotation marks and citations omitted).

[7] *See, e.g.*, *id.* at 1103; *Brown*, 222 F.R.D. at 681; *Pack v. Investools, Inc.*, 2011 WL 3651135, *3 (D. Utah 2011); *Smith v. Pizza Hut, Inc.*, 2011 WL 2791331 (D. Colo. 2011); *Sloan v. Renzenberger*, 2011 WL 1457368, *3 (D. Kan. 2011).

[8] *Thiessen*, 276 F.3d at 1102–03. This second stage in the certification analysis is most often prompted by a motion for decertification. *Id.*

plaintiffs are similarly situated: (1) the disparate factual and employment conditions of the individual plaintiffs, (2) defenses available to the defendant that are individual to each plaintiff, and (3) other fairness and procedural conditions.[9]

### III. Analysis

**A. Lundine has made Substantial Allegations that the Putative Class Members were together Victims of a Gates's Policy or Plan**

The standard for certification at the notice stage is lenient and typically permits conditional certification of a representative class.[10] "This is, at least in part, due to the fact that the Court has minimal evidence at this stage."[11] "The Court may choose to consider only pleadings and affidavits filed by the Plaintiff to evaluate whether the Plaintiffs have made substantial allegations, because it is not yet at the evidence-weighing stage."[12] If conditional certification is granted, the Court employs a more stringent "similarly situated" standard after the parties complete discovery.

The Court concludes that Lundine has made substantial allegations to support conditional class certification. Lundine alleges that Gates required her to work overtime without pay. She attaches affidavits from 12 other employees alleging the same thing. Using herself and the other 12 employees as examples, Lundine alleges that Gates has a policy or plan that violates the FLSA. At this stage in the proceedings, Lundine has presented more than enough substance to satisfy the

---

[9] *Id.* at 1103 (citations omitted). The court in *Thiessen* discussed a fourth factor irrelevant to claims brought under the FLSA. *See Peterson*, 2011 WL 3793963, at * 4, n.13.

[10] *Thiessen*, 267 F.3d at 1103.

[11] *Sanchez v. Creekstone Farms Premium Beef, LLC*, 2012 WL 380279, at *2 (D. Kan. 2012) (internal quotations and citations omitted).

[12] *Id*. (internal quotations and citations omitted).

lenient standard for conditional certification.[13] The Court therefore grants conditional class certification.

**B.      Class Definition**

Lundine asks the Court to adopt the following class definition: "All current and former nonexempt hourly manufacturing employees who were employed from \_\_\_\_ to the present." Gates objects to this definition, arguing that it is overly broad. Gates asks the Court to limit the definition to include only the locations and positions of the employees who submitted sworn affidavits accompanying Lundine's complaint.

In defense of its position, Gates relies on *Stubbs v. McDonald's Corp.*,[14] which rejected conditional class certification because the plaintiff failed to allege any similarity between its job duties and those of the other putative class members. In that case, the plaintiff sought to certify a class whose members would consist of "first and second assistant managers."[15] The court held that the plaintiff—a second assistant manager—lacked standing to represent first assistant managers since the plaintiff had never held the position of first assistant manager.[16] Importantly, the cause of action was for "improperly classifying plaintiff and the putative class as 'exempt'

---

[13] *See, e.g., Swartz v. D-J Eng'g, Inc.*, 2013 WL 5348585, at *2 (D. Kan. 2013) (where the court granted conditional certification based upon the plaintiff's allegations and two supporting affidavits); *Gipson v. Southwestern Bell Telephone Co.*, 2009 WL 1044941, at *2 (D. Kan. 2009) (where this Court granted conditional certification based on plaintiff's allegations and "a number of other" similar affidavits); *Underwood v. NMC Mortgage Corp.*, 245 F.R.D. 720, 722 (D. Kan. 2007) (where the court granted conditional certification based upon the plaintiff's allegations and two supporting affidavits).

[14] 227 F.R.D. 661 (D. Kan. 2004).

[15] *Id*. at 663.

[16] *Id*. at 665 (the court relied on *Clayborne v. Omaha Pub. Power Dist*., 211 F.R.D. 573, 580 (D. Neb. 2002) which stated that "[a] fundamental requirement of maintaining a class action is that the representatives must be members of the classes or subclasses they seek to represent.").

employees rather than 'non-exempt' and thereby failing to pay plaintiff and the putative class compensation for overtime hours worked."[17]

Unlike the misclassification claim in the *Stubbs* case, the claim in this case is that Gates denied Lundine and others overtime pay as required under the FLSA. Lundine is not alleging that Gates improperly classified herself and others as exempt, like the allegations in *Stubbs*. It may be more important for a court to draw finer distinctions between employee positions in misclassification cases, since the nature of the claim itself revolves around the putative class members' duties and the legal categorization of their positions as either exempt or nonexempt. Here, however, the duration of employees' work is what matters most. While Lundine and the putative class members may occupy diverse roles within Gates's manufacturing process, their claims are common in that they allege Gates required them to work beyond their scheduled hours while depriving them of the statutorily mandated overtime pay. The breadth of job positions in the putative class, and the diversity of duties in those positions, is not as relevant to this cause of action as it was in *Stubbs*.[18]

Based on the above considerations, the Court defines the class as follows: "All current and former nonexempt hourly manufacturing employees who were employed by Gates from July 11th,

---

[17] *Id.* at 663.

[18] *See Barnwell v. Corrections Corp. of America*, 2008 WL 5157476, at *3 (D. Kan. 2008) (holding that "the fact that specific tasks . . . performed off-the-clock might have varied (or that the duration of those tasks might have varied) in no way undermines plaintiffs' substantial allegations that [the defendant] required employees to perform work both before and after shifts without compensation.).

2016, to the present."[19] The parties should ensure that this class definition is included in the final notice and is consistent throughout.

**IT IS THEREFORE ORDERED** that Plaintiff Peggy Lundine's Motion for Conditional Class Certification (Doc. 23) is **GRANTED.**

**IT IS FURTHER ORDERED** that, within 14 days of this order, Gates provide Lundine with names, addresses, telephone numbers, and email addresses of each of the class members in an easily malleable format, such as Microsoft Excel; and that Gates provide Lundine with the last four digits of the social security numbers only for class members whose mail notices are returned undeliverable, so Lundine can locate a viable mailing address.

**IT IS FURTHER ORDERED** that the parties negotiate a notice consistent with the Court's ruling regarding the issues addressed above; and that Gates post the agreed-upon notice in both English and Spanish in conspicuous locations where it employs hourly, nonexempt manufacturing employees at its Alabama, Arkansas, Georgia, Illinois, Kentucky, Missouri, New Hampshire, Pennsylvania, Texas, and Kansas facilities.

---

[19] *Renfro v. Spartan Comp. Servs., Inc.*, 243 F.R.D. 431, 435, n.5 (D. Kan. 2007) (noting that "the maximum reach of the limitations period for any willful violation of the FLSA would extend back only three years from the date of this order").

**IT IS FURTHER ORDERED** that Peggy Lundine is approved as the class representative and that Lundine's counsel is approved as class counsel in this matter.

**IT IS SO ORDERED.**

Dated this 11th day of July, 2019.

                                                ERIC F. MELGREN
                                                UNITED STATES DISTRICT JUDGE