# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PEGGY LUNDINE, on behalf of herself and others similarly situated,

    *Plaintiff,*

vs.

GATES CORPORATION,

    *Defendant.*

Case No. 18-1235-EFM

## MEMORANDUM AND ORDER

Plaintiff Peggy Lundine brings this collective class action lawsuit under § 216(b) of the Fair Labor Standards Act ("FLSA") on behalf of all similarly-situated nonexempt manufacturing employees working at some of Defendant Gates Corporation's ("Gates") facilities. Before the Court is Lundine's Motion for Approval of Collective Class Notice (Doc. 43). For the following reasons, the Court denies Lundine's motion. The Court approves Gates's proposed class notice attached to its response as Exhibit B.

### I.    Factual and Procedural Background

Peggy Lundine worked for Gates from February 17, 1992, to December 1, 2017, in an hourly, nonexempt manufacturing role. Gates is a manufacturer of fluid and power transmission

solutions such as hydraulic hoses and belts. Lundine asserts that Gates failed to compensate her and other similarly situated employees for overtime work.

Lundine filed this lawsuit against Gates on August 21, 2018, seeking damages under the FLSA and the Kansas Wage Payment Act. On July 11, 2019, the Court granted Lundine's Motion for Conditional Class Certification (Doc. 23). After collaborating for nearly two months over the specific language of the class notice, the parties are unable to resolve their differences on three issues. Lundine now asks the Court to grant her proposed language concerning these three issues.

## II.     Legal Standard

The FLSA permits legal action "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."[1] Unlike class actions pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a collective action brought under the FLSA includes only those similarly-situated individuals who opt into the class.[2] But the FLSA does not define what it means to be "similarly situated." Instead, the Tenth Circuit has approved an *ad hoc*, two-step approach to § 216(b) certification claims.[3] The *ad hoc* approach employs a two-step analysis for determining whether putative opt-in plaintiffs are similarly situated to the named plaintiff.[4]

---

[1] 29 U.S.C. § 216(b).

[2] *See id.* (stating that employees must give written consent to become party plaintiffs).

[3] *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). Although *Thiessen* involved a collective action brought under the Age Discrimination in Employment Act ("ADEA"), the Tenth Circuit explicitly noted that the ADEA adopts the class action opt-in mechanism set out in § 216(b) of the FLSA. *Id.* at 1102. For that reason, *Thiessen* controls the analysis in this case. *See Peterson v. Mortg. Sources Corp.*, 2011 WL 3793963, *4 n.12 (D. Kan. 2011).

[4] *Thiessen*, 267 F.3d at 1102–03.


First, in the initial "notice stage," the court "determines whether a collective action should be certified for purposes of sending notice of the action to potential class members."[5] The notice stage "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[6] The standard for conditional certification at the notice stage is lenient and typically results in certification for the purpose of notifying potential plaintiffs.[7]

The second step of the *ad hoc* approach occurs after discovery.[8] At this stage, the district court applies a stricter standard and reviews the following factors to determine whether the opt-in plaintiffs are similarly situated: (1) the disparate factual and employment conditions of the individual plaintiffs, (2) defenses available to the defendant that are individual to each plaintiff, and (3) other fairness and procedural conditions.[9]

## II.   Analysis

Lundine identifies three issues with the proposed class notice and asks the Court to resolve them in her favor. First, Lundine argues that the notice should more clearly communicate that class members may not be required to pay Gates's attorneys' fees, even though they may be required to pay other legal expenses related to the case. Second, Lundine argues that the notice

---

[5] *Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004).

[6] *Thiessen*, 267 F.3d at 1102 (internal quotation marks and citations omitted).

[7] *See, e.g.*, *id.* at 1103; *Brown*, 222 F.R.D. at 681; *Pack v. Investools, Inc.*, 2011 WL 3651135, *3 (D. Utah 2011); *Smith v. Pizza Hut, Inc.*, 2011 WL 2791331 (D. Colo. 2011); *Sloan v. Renzenberger*, 2011 WL 1457368, *3 (D. Kan. 2011).

[8] *Thiessen*, 276 F.3d at 1102–03. This second stage in the certification analysis is most often prompted by a motion for decertification. *Id.*

[9] *Id.* at 1103 (citations omitted). The court in *Thiessen* discussed a fourth factor irrelevant to claims brought under the FLSA. *See Peterson*, 2011 WL 3793963, at * 4, n.13.

should not state that class members will be required to travel to Kansas.  Third, Lundine argues that the notice should not list Gates's counsel's contact information.  The Court will address each of these arguments in turn.

District courts have the discretion to monitor the preparation and distribution of collective action notices.[10]  When exercising this discretion, courts must ensure fair and accurate notice and should refrain from altering the proposed notice absent strict necessity.[11]  The Court notes that Gates has drafted the class notice based on another FLSA notice previously approved by this Court in *Jancich v. Stonegate Mortgage Corporation*.[12]  In *Jancich*, this Court approved an FLSA class notice that omitted qualifying language about class members not having to pay for the defendant's attorney's fees "because it adequately state[d] putative class members' potential obligations."[13]  The Court also held that, because the defendant employed putative class members throughout the country, "it is reasonable and necessary to include language informing putative plaintiffs that they may be required to travel to Kansas for depositions and trial."[14]  Finally, the Court in *Jancich* included the defense counsel's contact information in the notice.[15]

The Court concludes that Lundine's three arguments concerning the class notice are without merit.  First, the notice sufficiently informs putative class members that they may be required to pay "court costs and other expenses" if the claims end up being "without merit."  This

---

[10] *Hoffman–La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989); *see also Lewis v. ASAP Land Exp., Inc.*, 2008 WL 2152049, at *2 (D. Kan. 2008).

[11] *Sloan v. Renzenberger, Inc.*, 2011 WL 1457368, at *4 (D. Kan. 2011) (citations omitted).

[12] *Jancich v. Stonegate Mortg. Corp.*, 2012 WL 380287 (D. Kan. 2012).

[13] *Id*. at *3.

[14] *Id*.

[15] *Id*.

-5-

language comes directly from the notice in *Jancich* and the Court concludes that adding language about attorney's fees is unnecessary and inconsistent with prior caselaw. The notice is unlikely to deter putative class members from joining in this action by leading them to mistakenly believe that they will have to pay Gates's attorney's fees in addition to other court costs.

Second, the Court concludes that the notice sufficiently informs putative class members that they may be required to travel to Kansas without deterring them from joining this action. The notice does not state that all class members must travel to Kansas. It merely states that the putative class member may have to travel to Kansas. Lundine's proposed qualifying language is ambiguous and attempts to convey to putative class members that an even smaller number of them may have to travel to Kansas. As in *Jancich*, the Court here concludes that Gates's proposed notice sufficiently informs the class members that some of them may have to travel to Kansas, without exaggerating those numbers or deterring putative class members from joining the action.

Finally, the Court concludes that the notice should include Gates's counsel's information. The proposed notice in Exhibit B lists Gates's counsel after the plaintiff's counsel in a less prominent and unambiguous manner. Putative class members are unlikely to be confused about which counsel would represent them. This Court has approved other FLSA notices that included defense counsel's contact information without experiencing any subsequent confusion. Gates followed this Court's holding in *Jancich* by including its counsel's contact information in the notice. The Court sees no reason to disallow that information in the notice in this case.[16]

---

[16] Furthermore, Lundine's insinuation that Gates's counsel could provide ethically dubious legal advice to class members who mistakenly contacted them is unfounded and without merit.

As such, the Court approves the class notice provided by Gates in Exhibit B attached to Gates's response to Lundine's motion.  The notice does not need to specifically exclude attorney's fees from the possible expenses class members may have to pay.  The notice sufficiently informs putative class members that they may be required to travel to Kansas.  Finally, the notice will provide putative class members with Gates's counsel's contact information.

**IT IS THEREFORE ORDERED** that Plaintiff Peggy Lundine's Motion for Approval of Collective Class Notice (Doc. 43) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 17th day of October, 2019.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE