IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PEGGY LUNDINE** ) | |
| *on behalf of herself and others* ) | |
| *similarly situated*, ) | |
| ) | |
| Plaintiff, ) | Case No. 6:18-cv-1235-EFM-JPO |
| ) | |
| v. ) | |
| ) | |
| **GATES CORPORATION,** ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE OPT-IN PLAINTIFF HANNAH ARNOLD

Defendant Gates Corporation ("Gates") respectfully requests the Court strike Opt-In Plaintiff Hannah Arnold from the conditionally-certified class.

### I. INTRODUCTION

On July 11, 2019, this Court conditionally certified a class defined as "[a]ll current and former nonexempt hourly manufacturing employees who were employed by Gates from July 11th, 2016, to the present." Memorandum and Order Granting Conditional Certification (the "Conditional Certification Order"), ECF # 39, pp. 6-7. Opt-In Plaintiff Hannah Arnold falls outside of the class definition because she was never a Gates employee. Rather, she was a temporary contract worker ("Temp") placed at a Gates facility for a short (five (5) week) assignment through a staffing agency. For the reasons set forth in this Memorandum, Gates submits that Temps fall outside of the Court's class definition and respectfully requests that the Court strike Ms. Arnold from the conditionally certified class.

## II. BACKGROUND

### A. *Procedural History*

Named Plaintiff Peggy Lundine filed this action on August 21, 2018. Complaint, ECF # 1. Between August 28, 2018 and July 29, 2019, a total of nineteen (19) individuals filed consents to join this action (the "Opt-In Plaintiffs"). *See* ECF # 3-7, 9, 15, 18-22, 27-28, 37-38, 42. The Complaint does not reference individuals placed at a Gates facility through staffing agencies in any capacity. Complaint, ECF #1.

On October 18, 2018, Plaintiffs moved for conditional class certification. Motion for Conditional Class Certification, ECF # 23; Memorandum in Support of Plaintiff's Motion for Conditional Class Certification, ECF #24. Plaintiffs' subsequent Reply Brief agreed to limit the conditional class to thirteen (13) identified facilities and to exclude Team Leaders from the conditional class. Plaintiff's Reply Memorandum in Support of Motion for Conditional Class Certification, ECF #35, pp. 2, 16.

On July 11, 2019, this Court conditionally certified a class defined as "[a]ll current and former nonexempt hourly manufacturing employees who were employed by Gates from July 11th, 2016, to the present." ECF # 39, pp. 6-7. Although the Court adopted a different definition of the class than that originally sought by Plaintiffs, Plaintiffs did not object to the class definition. On October 17, 2019, the Court approved Defendants' proposed Class Notice, which was then mailed to the conditional class on or about October 25, 2019. ECF # 46, 47.

### B. *Opt-In Plaintiff Hannah Arnold*

In its U.S. facilities, in addition to having its own direct employees, Gates has contracted with a large number of staffing agencies to provide Temps, in order to help support Gates' fluctuating production needs. These Temps are hired and employed by the staffing agencies, are

prescreened by the agencies, are paid by the agencies, and their personal information and personnel files are maintained by the agencies. Ms. Arnold was one such Temp.

On September 21, 2018, Ms. Arnold filed a consent to join this action. ECF # 9. As noted above, Ms. Arnold was never employed by Gates. Rather, she was briefly placed at Gates' Siloam Springs, Arkansas facility in September and October 2017 by a staffing agency, 1st Employment Staffing. In connection with Plaintiff's Motion for Conditional Class Certification, Ms. Arnold filed a supporting declaration conceding that she "was hired to work at Gates through a temporary agency." ECF 24-4, ¶ 3. No staffing agencies, including 1st Employment Staffing, have been joined as parties to this action, which has been pending since August 2018.

### C. Class List

As directed by this Court's Conditional Certification Order, on July 25, 2019, Gates timely produced a list of "[a]ll current and former nonexempt hourly manufacturing employees who were employed by Gates from July 11th, 2016, to the present." Certificate of Compliance, ECF # 40. That list did not include Ms. Arnold because she was never a Gates employee and therefore did not fall within the conditional class definition adopted by the Court.[1]

### III. STANDARD OF REVIEW

In *Blair v. TransAm Trucking, Inc.*, Case No. 09-2443-EFM-KGG, 2016 WL 7117182 (D. Kan. Dec. 7, 2016) (Melgren, J.), this Court issued an order striking several Plaintiffs who had opted in to a conditionally certified class but fell outside of the class definition.

---

[1] Gates further notes that it could not have included her in the list because Gates does not possess the relevant contact information for Temps. As such individuals are employees of the staffing agencies and Gates, those agencies maintain the personnel files and other records of these individuals. Gates does not maintain or have access to these records, especially as to Temps who are no longer assigned to Gates.

## IV. ARGUMENT

Opt-In Plaintiff Hannah Arnold falls outside of the conditional class definition because she was never employed by Gates and was only engaged for a short assignment through a staffing agency. *See Blair*, 2016 WL 7117182, at *6 (striking plaintiffs falling outside of class definition). Any claim by Plaintiffs that the class definition includes Temps placed at Gates facilities by staffing agencies is unsupported by the record and unpersuasive for several reasons.

First, the Complaint is silent as to Temps. Second, both the Complaint and the Motion for Conditional Certification focus on ***Gates' employees*** that Gates allegedly failed to pay overtime to, with the only mention of Temps in the Motion for Conditional Certification found buried in Ms. Arnold's attached declaration. And such focus on employees, instead of Temps, makes sense under the allegations in the Complaint, as Gates does not pay Temps directly. Rather, the staffing agency sends Gates an invoice for the current Temps, charging a higher blended rate for each Temp that includes both whatever the staffing agency pays to the Temps and the agency's fee. The actual pay arrangement for the Temp is between the individual and the agency, not between the Temp and Gates. Gates issues a lump sum payment directly to the agency, based on the agency's invoice.

More importantly, the Court's Conditional Certification Order limits the conditional class definition to individuals "employed by Gates." Plaintiffs' Motion requested an order "[g]ranting conditional certification regarding Plaintiff's claims under § 216(b) of the FLSA regarding all nonexempt hourly manufacturing employees ***who worked at Defendant Gates Corporation's plants*** three years from the date of the Court's order." ECF # 24, p. 18 (emphasis added). The Court chose to conditionally certify a different class, defined as "[a]ll current and former nonexempt hourly manufacturing ***employees who were employed by Gates*** from July 11th, 2016, to the present." ECF # 39, pp. 6-7 (emphasis added). With respect to Ms. Arnold—and any other

4

50340078;4

Temp employed by a staffing agency—the distinction is meaningful.  Ms. Arnold was never "employed by Gates" and, even if she fell within Plaintiffs' proposed class definition, she falls squarely outside of the conditional class definition adopted by the Court.  Plaintiffs never objected to the Court's conditional class definition.

Ms. Arnold was not employed by Gates and, therefore, falls outside of the conditional class definition.  Gates respectfully requests that the Court strike Ms. Arnold from the conditionally certified class.

## V. CONCLUSION

For the foregoing reasons, Gates respectfully requests this Court strike Ms. Arnold from the conditionally certified class.

Respectfully submitted this 6th day of November, 2019.

                AKERMAN LLP

                By: *s/ Christopher J. Eby*
                     Colin L. Barnacle
                     Christopher J. Eby
                     1900 Sixteenth Street, Suite 1700
                     Denver, CO 80202
                     Telephone:   303.260.7712
                     Facsimile:   303.260.7714
                     colin.barnacle@akerman.com
                     christopher.eby@akerman.com
                     Appearing *pro hac vice*

SHANK & MOORE, LLC

By: *s/ David L. Heinemann*
David L. Heinemann    KS Bar #14016
Christopher S. Shank    KS Bar #70262
1968 Shawnee Mission Parkway, Suite 100
Mission Woods, KS 66205
Telephone:  816.471.0909
Facsimile:  816.471.3888
davidh@shankmoore.com
chris@shankmoore.com

*Attorneys for Defendant Gates Corporation*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing document was filed this 6th day of November, 2019 via the Court's ECF system, which shall send electronic notice of the filing to the following counsel of record:

**Counsel for Plaintiff**
Brendan J. Donelon
420 Nichols Road, Suite 200
Kansas City, Missouri 64112

Daniel W. Craig
6614 Clayton Rd., #320
St. Louis, Missouri 63117

*s/ David L. Heinemann*
Attorney for Defendant Gates Corporation