UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PEGGY LYNN LUNDINE,<br>on behalf of herself and others<br>similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GATES CORPORATION,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 18-1235-EFM<br>)<br>)<br>)<br>) |

## ORDER

This is a conditionally certified collective action for overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. The plaintiff, Peggy Lundine, on behalf of the class, has filed a motion to compel the defendant, Gates Corporation, to produce electronically stored information ("ESI") of the class-member pay data in Excel format or native format (ECF No. 72). Alternatively, plaintiff asks the court to allow her experts access to defendant's payroll data to download the data themselves. Defendant opposes this motion, asserting it has adequately responded by producing the data in PDF format, which defendant asserts was permitted under the scheduling order. For the reasons explained below, plaintiff's motion to compel is denied.[1]

---

[1] Defendant's motions to strike opt-in plaintiff Hannah Arnold and twelve other opt-in plaintiffs who failed to timely join the action are pending before the presiding U.S. District Judge, Eric F. Melgren (ECF Nos. 50 & 73). Discovery has been stayed until the motion strike is decided (*see* ECF No. 69).

In pertinent part, the scheduling order filed on November 19, 2018 by the undersigned U.S. Magistrate Judge, James P. O'Hara, states:

> Consistent with the parties' agreements as set forth in their planning conference report, electronically stored information (ESI) in this case will be handled as set out below, but the court suggested during the scheduling conference that the parties confer and then file a more detailed ESI protocol:
>
> Plaintiff anticipates seeking discovery regarding ESI, including, inter alia, data concerning the compensation paid and hours submitted on behalf of plaintiff and others similarly situated on defendants' timekeeping software (plaintiff believes defendants use "PeopleSoft" time keeping software) and also data logs for software or operating systems utilized by the plaintiff and others similarly situated in performing their job duties (if any) during the applicable statute of limitations, including any security scans or door entry scanning data. The parties will work with one another to have any data requests produced in an electronic format that is workable to the receiving party.

(ECF No. 32 at 4-5). Unfortunately, at least for plaintiff as it turns out, it seems that the parties evidently chose not to heed the undersigned's suggestion about conferring further and then filing a more detailed ESI protocol after the scheduling conference. Plaintiff's motion presents a classic case of what happens when lawyers (even good, experienced lawyers such as those involved here) don't spend the requisite time on the front end of a case nailing down how discovery of ESI will be handled.

Plaintiff now requests production of pay data for the 247 employees in the class to calculate lost overtime damages. Plaintiff plans to use this data to make a settlement proposal, per the guidelines set forth in the scheduling order.[2] She argues production of the employees' pay data in PDF format is not reasonably usable because plaintiff would

---

[2] ECF No. 32.

have to manually enter all data points into Excel in order to calculate damages and make a settlement offer.[3] But Fed. R. Civ. P. 34 states: "[i]f a request for electronically stored information does not specify the form or forms of production, a responding party must produce the information in a form or forms in which it is ordinarily maintained, *or* in a form or forms that are reasonably usable."[4] Further, "a party need not produce the same electronically stored information in more than one form."[5] When there is a motion to compel ESI discovery, "the party from whom discovery is sought must show that information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery if the requesting party shows good cause."[6]

As the party objecting to discovery, defendants have the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.[7] Defendants must provide "sufficient detail and explanation about the nature of the burden in terms of time, money and procedure

---

[3] ECF No. 72 at 2 ("This workable Excel format is the only way damages can be calculated for the 247 class members and their tens of thousands of workweeks.").

[4] Fed. R. Civ. P. 34(b)(2)(E)(ii) (emphasis added).

[5] Fed. R. Civ. P. 34(b)(2)(E)(iii).

[6] *Linnebur v. United Telephone Ass'n, Inc.*, No. 10-1379-RDR, 2011 WL 3490022 at *2 (D. Kan. Aug. 10, 2011) (quoting Fed. R. Civ. P. 26(b)(2)(B)).

[7] *Pipeline Prods., Inc. v. Madison Cos.*, No. 15-4890-KHV, 2018 WL 3055869, at *3 (D. Kan. June 20, 2018) (quoting *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002)).

required to produce the requested documents."[8] A party asserting undue burden must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.[9] Defendant has provided sufficient detail and explanation of the burden in an affidavit, noting re-production would take an additional 25 hours of employee time and at least $2,500 in attorneys' fees.[10]

Defendant fully complied with plaintiff's request. Absent an agreement in the scheduling order, the format is within the responding party's discretion.[11] Here, neither party disputes that defendant produced the information in the form in which it is ordinarily maintained. Additionally, because defendant ordinarily maintains this data in PDF format, this is its native format.[12] Plaintiff's counsel argues when working on other overtime pay class action cases with this same timekeeping software, the defendants were able to produce payroll data in Excel format.[13] But what other employers might do is not dispositive, or even relevant for that matter. This court is focused instead on how the employer plaintiff chose to sue ordinarily keeps its timekeeping data. Plaintiff has failed

---

[8] *Id.*

[9] *Fish v. Kobach*, Nos. 16-2105-JAR-JPO, 15-9300-JAR-JPO, 2016 WL 893787, at *1 (D. Kan. March 8, 2016) (citing *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004)).

[10] ECF No. 75 Ex. A ¶¶ 11, 15.

[11] *Hartland Food Prods., LLC v. Fleener*, No. 18-cv-2250-JAR-TJJ, 2019 WL 2501862 at *2 (D. Kan. June 17, 2019).

[12] ECF No. 75 at 4.

[13] ECF No. 72 at 6.

to show that the data is not readily accessible in PDF format; rather, she simply argues it is not in her currently preferred format. This of course is insufficient for the court to compel defendant to re-produce already accessible data

Other judges in the District of Kansas uniformly have denied requests similar to those now made by plaintiff. For example, in *AKH Co. v. Universal Underwriters Insurance Co.*, U.S. Magistrate Judge Kenneth G. Gale denied a motion to compel ESI in native format after defendant produced it in PDF format. The plaintiff in that case failed to show a need for metadata attached to the native format and the defendant adequately explained why it would be more costly to produce ESI in its native form.[14]

Similarly, in *Smith v. TFI Family Services, Inc.*, U.S. Magistrate Judge Gwynne E. Birzer denied a request to compel re-production of ESI in native format when it had already been provided in PDF format because plaintiff failed to make a particularized showing of why re-production in native format was necessary.[15]

And in *Black & Veach Corp. v. Aspen Insurance (UK) Ltd.*, U.S. Magistrate Judge K. Gary Sebelius did not compel re-production of ESI in TIFF format, when the scheduling

---

[14] 300 F.R.D. 684, 690 (D. Kan. 2014).

[15] No. 17-02235-JWB-GEB, 2019 WL 4194046 at *10 (D. Kan. Sept. 4, 2019) *aff'd*, 2020 WL 42316 (D. Kan. Jan. 3, 2020). The court also noted the time and money required to reproduce over 5,000 pages of PDF documents in a native format would be burdensome and not proportional to the needs of the case. *Id.*

order did specify a format, because plaintiff had already produced ESI in a reasonably usable form, in which the data was ordinarily maintained.[16]

In the case at bar, requiring defendant to re-produce data in Excel format would be duplicative and unduly burdensome. Although both parties acknowledge it will take time to convert the PDF pay data into Excel format,[17] the data is still usable in PDF format because it can be manually converted.[18] Re-production of the records in Excel format would not provide any further information than what is already provided in the PDF documents.[19] It may take time and money to do so, but the court will not place this burden on defendant when defendant has already expended 80 hours and significant expense producing data in an acceptable format under the scheduling order.[20]

---

[16] No. 12-2350-SAC, 2015 WL 13047860 at *7 (D. Kan. Mar. 31, 2015). Plaintiff was not required to re-produce ESI in a format that is "more convenient to [defendant]." The court found it would be an undue burden to compel plaintiff to re-produce information that was already reasonably accessible. *Id.*

[17] As earlier indicated, defendant argues it would take an additional 25 hours of work and at least $2,500. ECF No. 75 at 5). Plaintiff argues it would "take weeks." ECF No. 72 Ex. A.

[18] *AKH Co.*, 300 F.R.D. at 690 ("Absent a need for . . . the native format of this information—a need which Plaintiff has not established—the Court will not require Defendant to re-produce the information").

[19] *TFI Family Servs., Inc.*, 2019 WL 4194046 at *10 (denying plaintiff's motion to compel data in native format when the data in PDF format adequately satisfied defendant's obligation under the scheduling order).

[20] ECF No. 75 at 5.

Plaintiff alternatively asks that her data experts be granted access to defendant's timekeeping system, with supervision, to download the data at issue in Excel format.[21] Defendant opposes this request, arguing it will still incur significant time and expense to supervise plaintiff's data experts and to prevent disclosure of private, unrelated data.[22] After weighing the burden on the parties, the court denies the request.

When considering the nature of the timekeeping software, defendant's right to withhold privileged information, and the added costs of re-producing information already submitted to plaintiff, it would unnecessarily burden defendant to allow plaintiff's expert access to defendant's timekeeping software.[23] One of the main concerns with allowing plaintiff's experts access to the data would be a breach of privacy. In *AKH Co.*, Judge Gale limited disclosure of data in native format because production would give plaintiff access to information about unrelated policyholders.[24] The court noted defendant had a right to withhold this information and the added costs of re-production were burdensome.[25] Judge Gale also recognized privacy concerns in *Ezfauxdecor, LLC v. Smith*, and denied

---

[21] ECF No. 72 at 5.

[22] ECF No. 75 at 6.

[23] *See AKH Co.*, 300 F.R.D. at 690 (denying plaintiff's request to re-produce data in its native format because doing so would compromise privacy); *Ezfauxdecor, LLC v. Smith*, No. 15-9140-CM-KGG, 2017 WL 2609101 at *2 (D. Kan. June 16, 2017) (denying a motion to compel data in QuickBooks format because it could improperly reveal a significant amount of private, irrelevant information).

[24] *AKH Co.*, 300 F.R.D. at 690.

[25] *Id.*

compelling production of data in QuickBooks format because it could improperly reveal private, unrelated information.[26]  So, despite the fact that plaintiff's data experts in the case at bar would be the ones physically searching and downloading the pay data, there is still a burden on defendant to adequately supervise this process and prevent unnecessary disclosure of unrelated payroll data.

The court notes this dispute could have been avoided altogether had the parties adequately conferred at their Fed. R. Civ. P. 26(f) conference regarding the form for ESI production.  In fact, the Guideline 20 of the Guidelines of Discovery of Electronically Stored Information, which is available on the District of Kansas website, specifically advises counsel to agree on the format to be used in production of ESI.[27]  Plaintiff argues she did not specify the form because in her experience, data of this type was routinely produced in Excel format.[28]  However, this does not relieve plaintiff of her duty to meaningfully confer about the proper format in the case at hand or require defendant re-produce data in a more useful format.  The court therefore denies the motion to compel production of data in Excel or native format, as well as the request for plaintiff's experts to retrieve the data under defendant's supervision.

IT IS SO ORDERED.

---

[26] 2017 WL 2609101 at *2.

[27]     *See*     http://ksd.uscourts.gov/wp-content/uploads/2015/10/Guidelines-for-cases-involving-ESI-July-18-2013.pdf.

[28] ECF No. 72 at 6.

Dated March 30, 2020, at Kansas City, Kansas.

                                            s/ James P. O'Hara
                                            James P. O'Hara
                                            U. S. Magistrate Judge