IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PEGGY LUNDINE,
on behalf of herself and other similarly situated,

      *Plaintiff,*

vs.

GATES CORPORATION,

      *Defendant.*

Case No. 18-1235-EFM

**MEMORANDUM AND ORDER**

Before the Court is Defendant Gates Corporation's ("Gates") Motion to Strike Opt-In Plaintiffs from the Conditional Class (Doc. 73). Gates argues that 13 opt-in plaintiffs should be stricken for various procedural defects. For the following reasons, the Court denies Gates' motion.

      **I.**      **Factual and Procedural Background**

Lundine filed this Fair Labor Standards Act ("FLSA") class action on behalf of herself and others similarly situated to recover alleged unpaid overtime wages from Gates. The Court granted conditional class certification on July 11, 2019, defining the putative class as "[a]ll current and former nonexempt manufacturing employees who were employed by Gates from July 11th, 2016, to the present."

On October 25, 2019, Lundine served the approved class notice on the prospective class members. In pertinent part, the notice read, "[t]he enclosed Consent Form must be postmarked within sixty (60) days from the date of this notice, i.e. postmarked no later than December 24, 2019." The notice does not explicitly address corresponding deadlines for consent forms received via email or fax. As stated, the notice period ended on December 24, 2019.

To assist in notifying 4,432 putative class members, Lundine hired Simpluris, Inc. ("Simpluris"), which specializes in mailing and processing class action notices and settlements. Simpluris employee Daniela Rojas managed Lundine's case. Simpluris would receive consent forms from opt-in plaintiffs in one of three ways: (1) via U.S. mail in a postage prepaid envelope provided in the notice package, (2) via an email address set up by Simpluris; or (3) via fax to Simpluris. As Simpluris received consent forms back from class members, Rojas would email the forms in PDF format to Lundine's counsel for filing with the Court.

Between October 25 and December 24, 2019, 197 Opt-In Plaintiffs consented to join the action. After the close of the notice period, Lundine filed 32 additional consents on three separate dates: December 31, 2019, January 7, 2020, and January 16, 2020. Of those Opt-in Plaintiffs, Gates moves to strike the following 12 from the conditionally-certified class for the noted reasons:[1]

    1. Keith Taylor (no postmark on return envelope)
    2. Anthony Adkins (no postmark on return envelope)
    3. Windolinne Young (illegible postmark on envelope)
    4. Robert Robertson (timely received via email, but not from Robertson's email address)
    5. Dalton Ryan (consent form timely received by fax)
    6. Mary Wyatt (consent form timely received by fax)
    7. Kevin Jenkins (consent form timely received by fax)
    8. Ashley Graham (consent form timely received by fax)

---

[1] Gates omitted Opt-In Plaintiff Robert Robertson from its initial memorandum in support of the motion to strike but included him in its reply. Lundine responded to Gates' initial motion assuming that Gates meant to include Robertson.

9. Justin Cooper (consent form timely received by fax)
10. Joseph Garza (consent form timely received, filed late)
11. Phillip Johnson (consent form timely received, filed late)
12. Joseph McQueeney (consent form timely received, filed late)
13. Abby Sidebottom (consent form timely received, filed late)

Opt-in Plaintiffs Taylor and Adkins' consent forms lacked postmarks and Simpluris received those two forms on December 27 and 30, respectively. Opt-in Plaintiff Young's consent form bears an unclear postmark, but Simpluris confirmed that it received the form on December 23. Opt-in Plaintiff Robertson's consent form was emailed to Mac Beckett, an employee in Simpluris' sales department, rather than to Rojas as directed. Upon recognizing Robertson's mistake, Beckett forwarded the email to Rojas who then filed the consent form with the Court before the notice deadline. Opt-in Plaintiffs Ryan, Wyatt, Jenkins, Graham, and Cooper's consent forms were faxed to Simpluris before the deadline but lacked postmarks.

Opt-in Plaintiffs Garza, Johnson, McQueeney, and Sidebottom mailed Simpluris their consent forms on or before November 15, 2019, but none of the forms arrived in postmarked envelopes. On November 15, 2019, Rojas emailed a batch of consent forms to Lundine's counsel but forgot to attach the forms for these four Opt-in Plaintiffs. Rojas saved the four consent forms as "Response 100-103.pdf." but accidentally omitted the PDF as an attachment on the email to Lundine's counsel. Instead, that email's attachments ended with the document "Response 96-99.pdf." Rojas next emailed Lundine's counsel on November 21, 2019, attaching documents beginning with "Responses 104-111.pdf." After realizing its mistake, Simpluris emailed the four missing consent forms to Lundine's counsel on January 15, 2020, which Lundine then filed with the Court.

## II.     Legal Standard

The FLSA permits legal action "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."[2]  Unlike class actions under Rule 23(b)(3) of the Federal Rules of Civil Procedure, a collective action brought under the FLSA includes only those similarly-situated individuals who opt into the class.[3]  But the FLSA does not define what it means to be "similarly situated."  Instead, the Tenth Circuit has approved an ad hoc approach to § 216(b) certification claims.[4]  This approach employs a two-step analysis for determining whether putative opt-in plaintiffs are similarly situated to the named plaintiff.[5]

First, in the initial "notice stage," the court "determines whether a collective action should be certified for purposes of sending notice of the action to potential class members."[6]  The notice stage "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[7]  The standard for conditional certification at the notice stage is lenient and typically results in certification to notify potential plaintiffs.[8]

---

[2] 29 U.S.C. § 216(b).

[3] *See id.* (stating that employees must give written consent to become party plaintiffs).

[4] *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).  Although *Thiessen* involved a collective action brought under the Age Discrimination in Employment Act ("ADEA"), the Tenth Circuit explicitly noted that the ADEA adopts the class action opt-in mechanism set out in section 216(b) of the FLSA.  *Id.* at 1102.  For that reason, *Thiessen* controls the analysis in this case.  *See Peterson v. Mortg. Sources Corp.*, 2011 WL 3793963, at *4 n.12 (D. Kan. 2011).

[5] *Thiessen*, 267 F.3d at 1102-03.

[6] *Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004).

[7] *Thiessen*, 267 F.3d at 1102 (quotations and citations omitted).

[8] *See, e.g., id.* at 1103; *Brown*, 222 F.R.D. at 681; *Pack v. Investools, Inc.*, 2011 WL 3651135, at *3 (D. Utah 2011); *Sloan v. Renzenberger*, 2011 WL 1457368, at *3 (D. Kan. 2011).

The second step of the ad hoc approach occurs after discovery.[9] At this stage, the district court applies a stricter standard and reviews the following factors to determine whether the opt-in plaintiffs are similarly situated: (1) the disparate factual and employment conditions of the individual plaintiffs, (2) defenses available to the defendant that are individual to each plaintiff, and (3) other fairness and procedural conditions.[10] This second stage in the certification analysis is most often prompted by a motion for decertification.[11] Overall, "[t]he FLSA should be given a broad reading, in favor of coverage. It is a remedial statute that 'has been construed liberally to apply to the furthest reaches consistent with congressional direction.' "[12]

### III.    Analysis

Gates seeks to strike 13 Opt-In Plaintiffs from the case, arguing that all of their consent forms contained procedural defects. Under § 216(b) of the FLSA, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."[13] This Court has previously recognized that "[p]laintiffs do not have an indefinite time for which to file these consents."[14] "There is a purpose in setting a deadline in the class notice for which individuals can join the class and for requiring the prompt filing of those consents."[15] The Court has broad discretion to

---

[9] *Thiessen*, 276 F.3d at 1102-03.

[10] *Id*.

[11] *Id*.

[12] *Kelley v. Alamo*, 964 F.2d 747, 749 (8th Cir. 1992) (quoting *Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211 (1959)).

[13] 29 U.S.C. § 216(b).

[14] *Blair v. TransAm Trucking, Inc.*, 2016 WL7117182, at *2 (D. Kan. 2016) (accepting consents filed within 13 days after the expiration of the notice period).

[15] *Id*.

administer the FLSA notice procedures, keeping in mind that "[a] generous reading, in favor of those whom Congress intended to benefit from the [FLSA], is also appropriate when considering issues of time limits and deadlines."[16] The class notice in this case informed opt-in plaintiffs that consents must have been "postmarked" by December 24, 2019.

Gates first seeks to strike Opt-in Plaintiffs Adkins and Taylor because their consent forms lacked postmarks. Simpluris received those two forms on December 30 and 27, respectively. Even though it is not possible to know for certain when Adkins and Taylor mailed their consent forms—and thus when they would have been postmarked—the Court in exercising its discretion concludes that a difference of three (December 27) or four (December 30) business days, without further showings of bad faith or negligent delay, does not violate the notice deadline or otherwise materially impact Gates. Given the proximity of the notice deadline to multiple federal holidays, it is reasonable to assume that Adkins and Taylor mailed their forms within the proper timeframe. Without clear evidence to the contrary, the Court declines to strike those Opt-In Plaintiffs from this class action.

Gates next seeks to strike Opt-in Plaintiff Young because the postmark on her consent form is allegedly illegible. However, Simpluris confirmed that it received Young's form on December 23 and that it was postmarked—albeit unclearly—December 16. As such, the Court concludes that Young timely returned her consent form and will not strike her from this case.

Gates also seeks to strike Opt-in Plaintiff Robertson because the email containing his consent form was sent from an address different than that listed under his primary contact information. It is uncontroverted that Robertson emailed his consent form to Simpluris on

---

[16] *Kelley,* 964 F.2d at 750.

December 23. However, Robertson emailed the form to Mac Beckett, an employee in Simpluris' sales department, rather than Rojas. But Beckett recognized the mistake and forwarded the email to Rojas. Regardless, Robertson timely emailed his consent form to Simpluris before the December 24 deadline. Although the class notice did not delineate procedures for returning consent forms via email, the Court concludes that Robertson returned his form to Simpluris within the notice period. As such, the Court will not strike him from this case.

Gates next seeks to strike five Opt-in Plaintiffs (Ryan, Wyatt, Jenkins, Graham, and Cooper) because their consent forms lacked postmarks. The class notice did not proscribe all non-mail methods for returning consent forms. These five Opt-in Plaintiffs faxed their consent forms to Simpluris. Faxed documents obviously lack postmarks. But all of the fax coversheets reflect that Simpluris received them before the December 24 deadline. While the class notice does not explicitly address deadlines for faxed consent forms, the Court concludes that these Opt-in Plaintiffs fulfilled the clear intent of both the class notice and the FLSA. As such, the Court will not strike Opt-in Plaintiffs Ryan, Wyatt, Jenkins, Graham, and Cooper from the action.

Finally, Gates seeks to strike Opt-in Plaintiffs Garza, Johnson, McQueeney, and Sidebottom because Simpluris *filed* their consent forms with the Court on January 15, 2020, and the forms otherwise lacked postmarks indicating that Simpluris received them before the notice deadline. However, Gates admits that these four Opt-in Plaintiffs signed their consent forms on or before November 15, 2019, over a month before the notice deadline. Simpluris alleges that it failed to file the forms within the notice period because Rojas accidentally omitted the correct attachment in her email to Lundine's counsel. After realizing its mistake, Simpluris emailed the missing consent forms to Lundine's counsel on January 15, 2020, and Lundine then filed them

with the Court.  Gates argues that it is unfairly prejudiced by the delayed filing and that the Court should not ignore the mistake.

The Court agrees with Gates that Simpluris' mistake does not excuse Lundine's counsel's oversight.  Lundine's counsel should have noticed the numerical discrepancy in the attached PDF documents and requested the missing forms from Simpluris.  Moreover, that oversight persisted for two months.  Such lack of attention to detail is inexcusable.  However, the Court concludes that under the circumstances, these four Opt-in Plaintiffs should not be penalized for counsel's mistake.  They fit squarely within the putative class definition and they all returned their signed consent forms well over a month before the deadline, complying with both the spirit and letter of the FLSA.  As such, the Court will not strike them from this class action.

**IT IS THEREFORE ORDERED** that Defendant Gates Corporation's Motion to Strike Opt-In Plaintiffs (Doc. 73) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 31st day of July, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE