UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PEGGY LYNN LUNDINE,          )
on behalf of herself and others          )
similarly situated,          )
                                   )
          Plaintiff,          )
                                   )
v.                                 )   Case No. 18-1235-EFM
                                   )
GATES CORPORATION,          )
                                   )
          Defendant.          )

## ORDER

The plaintiff, Peggy Lundine, on behalf of the class, has filed a motion to compel

the defendant, Gates Corporation, to produce the class members' timekeeping data in Excel

format (ECF No. 101).  Defendant opposes the motion, asserting the court has already ruled

on the issue and defendant has produced the relevant data.[1]  For the reasons discussed

below, the court respectfully denies plaintiff's motion.

Background

The court went into detail on the history of the data-production dispute in its March

30, 2020 order (ECF No. 78) denying plaintiff's motion to compel (ECF No. 72).  But the

court will restate some of the pertinent background because it's relevant here.  The original

scheduling order, filed on November 19, 2018, states:

> Consistent with the parties' agreements as set forth in their planning
> conference report, electronically stored information (ESI) in this case will be

---

[1] ECF No. 107.

handled as set out below, but the court suggested during the scheduling conference that the parties confer and then file a more detailed ESI protocol:

> Plaintiff anticipates seeking discovery regarding ESI, including, inter alia, data concerning the compensation paid and hours submitted on behalf of plaintiff and others similarly situated on defendants' timekeeping software (plaintiff believes defendant uses "PeopleSoft" time keeping software) and also data logs for software or operating systems utilized by the plaintiff and others similarly situated in performing their job duties (if any) during the applicable statute of limitations, including any security scans or door entry scanning data.  The parties will work with one another to have any data requests produced in an electronic format that is workable to the receiving party.[2]

In what now surely feels like a regrettable decision, the parties failed to confer at their Fed. R. Civ. P. 26(f) conference regarding the form for ESI production, resulting in a dispute that became the subject of plaintiff's earlier motion to compel.  Defendant produced the pay data in PDF format before plaintiff then requested it in Excel format.  The court ruled defendant fully complied with plaintiff's request by producing the information in the form in which it is ordinarily maintained (which was also its native format).[3]  The court cited to several District of Kansas cases denying similar motions to compel.[4]  Ultimately, while acknowledging it would take time for plaintiff to convert the pay data from PDF

---

[2] ECF No. 32 at 4-5.

[3] ECF No. 78.

[4] *Id.* (citing *AKH Co. v. Universal Underwriters Insurance Co.*, 300 F.R.D. 684, 690 (D. Kan. 2014); *Smith v. TFI Family Services, Inc.*, No. 17-02235-JWB-GEB, 2019 WL 4194046 at *10 (D. Kan. Sept. 4, 2019) *aff'd*, 2020 WL 42316 (D. Kan. Jan. 3, 2020); *Black & Veach Corp. v. Aspen Insurance (UK) Ltd.*, No. 12-2350-SAC, 2015 WL 13047860 at *7 (D. Kan. Mar. 31, 2015)).

format to Excel format, the court ruled defendant had sufficiently complied with the request under the provisions of the scheduling order.

After the court's order, plaintiff raised the issue again at the parties' April 29, 2020 scheduling conference.[5]  There, the court noted plaintiff had not filed for reconsideration or sought review of the order by the presiding U.S. District Judge, Eric F. Melgren.  The court clarified that its ruling on ESI was the law of the case and this position extended to written discovery requests.[6]  On May 27, 2020, the court reiterated this stance in the second amended scheduling order, which stated, "Electronically stored information (ESI) in this case is being handled as explained in the court's order dated March 30, 2020."[7]

Now, over six months after that scheduling conference, plaintiff raises the issue again, this time through its discovery requests, served on July 9, 2020.[8]  Defendant served responses on September 8, 2020.[9]  The parties conferred with each other and submitted a summary of their dispute to the court, after which the court instructed plaintiff to file a formal motion.  Plaintiff filed the instant motion on November 3, 2020.

_____

[5] ECF No. 83.

[6] *Id.*

[7] ECF No. 85.

[8] ECF No. 90.

[9] Defendant did not file a notice of service of its discovery responses, but this is the date plaintiff uses for defendant's responses.  *See* ECF No. 101 at 9.

<u>Analysis</u>

Plaintiff takes issue with the March 30, 2020 order, arguing that Rule 34 discovery rules weren't in play when defendant produced the data.[10]  She argues the format of the pay data was only discussed in a pre-discovery context for the purpose of early ADR, and those parameters shouldn't apply to discovery requests.[11]  Essentially, plaintiff argues the prior order's rulings should not apply to formal discovery later propounded, and it is unfair and prejudicial to prevent plaintiff from serving the discovery request to request the data in Excel format.

Accordingly, plaintiff moves for the same data in Excel format, generally reiterating her prior arguments.  She argues she needs "workable Excel format for 'off the clock' collective class claims."[12]  She argues the court "underestimates what is involved in this manual entry"[13] and contends the Excel-formatted data is necessary for calculating exact damages for each collective class member.[14]  Plaintiff argues the production would not expose confidential information, as it would be subject to the protective order, or confidential portions of the data would be redacted.[15]  Plaintiff also argues the download

---

[10] ECF No. 101 at 4-5.

[11] *Id.* at 2.

[12] *Id.* at 6-7.

[13] *Id.* at 7.

[14] *Id.*

[15] *Id.* at 8.

wouldn't be overly burdensome and, in fact, would be less burdensome than previously expected because the data would be for 124 class members, not the original 247 class members.[16]

After reviewing the briefing, the court agrees with defendant this motion constitutes a "thinly veiled motion for reconsideration disguised as a discovery dispute."[17]  This is an issue the court has now addressed multiple times.  The court discussed the data production in its order on the first motion to compel and again at the scheduling conference, reiterating in the second amended scheduling order that ESI would be governed by its prior order.  Plaintiff largely focuses, in her motion and again in her reply,[18] that the initial production was not in response to a formal Rule 34 request, but the court's interpretation remains that the data-production issue was handled completely in spring 2020.  The court understands plaintiff's argument that "ESI formal discovery protocol did not apply to either party in that pre-discovery context,"[19] but, at bottom, disagrees.

As discussed, plaintiff didn't move to reconsider the prior order or seek review from the presiding Judge Melgren.  Although plaintiff now argues a motion for reconsideration wouldn't have been appropriate because there wasn't a formal discovery request at issue,[20]

---

[16] *Id.*

[17] ECF No. 107 at 3.

[18] ECF No. 110 at 3.

[19] *Id.* at 9.

[20] ECF No. 107 at 3.

plaintiff's initial motion to compel didn't make a distinction between the pre-discovery request and some future discovery request she apparently contemplated.[21]  That motion to compel merely sought production of discoverable data, referencing, in correspondence with defense counsel, the "discovery process in these cases."[22]

The court is persuaded defendant has provided the relevant information through its initial production of 9,000 paystubs for the original 247 class members.  This information was produced as it was kept in the ordinary course of business and includes "comprehensive payroll information, including employee name, employee address, pay rate, pay period, annual salary, current and year-to-date ("YTD") gross pay, current and YTD pre-tax pay, current and YTD taxes, current and YTD deductions, current and YTD net pay, hours worked, detailed deduction information, and detailed tax information."[23]

Essentially, plaintiff repeats her argument that it's too hard to manually input the information, although she has had the information since January 2020 and apparently has not yet done the data conversion.  Plaintiff argues "precise lost overtime" isn't available through PDF data, then goes on to clarify it will require each line of data to be hand-entered onto Excel (so it does appear to be available, though admittedly more tedious to generate).[24] Generally, plaintiff relies on her prior arguments to argue why the information is needed,

---

[21] *See* ECF No. 72.

[22] *Id.* at 3.

[23] ECF No. 107 at 4.

[24] ECF No. 110 at 4.

and defendant maintains its burden arguments. Defendant has already incurred the substantial cost of producing the data in an acceptable format. To the extent plaintiff argues there are fewer class members now, the court isn't convinced a formal accounting of the burden on defendant is necessary to verify its estimate.[25] The reduced time and cost aren't dispositive to the court's conclusion – and, as defendant argues, the ultimate production parameters remain, even with a reduced class size.

Alternatively, plaintiff requests an order for a phone conference where plaintiff's counsel can discuss with defendant's data personnel "Oracle R12 and the ability to download data in Excel."[26] The court is similarly unpersuaded by this offer, both because of the expected expense but also because the court isn't convinced an additional bite at the apple is warranted. To be clear, the court doesn't disagree with plaintiff that a different format might have been more efficient, cheaper, and better for the parties, an issue they and the court have now spent significant resources litigating. But the opportunities to make these decisions – first, at the Fed. R. Civ. P. 26(f) conference, then when the data-production dispute arose in the context of the motion to compel, then when the second amended scheduling order was entered – have passed. Instead of rehashing the standards and analysis of these already-promulgated arguments, the court concludes it has ruled on this issue already. Plaintiff is entitled to serve the discovery requests she sees fit, but the rationale offered here doesn't lead to court to alter its prior analysis.

---

[25] *Id.* at 6.

[26] ECF No. 101 at 9.

Defendant seeks payment of its attorneys' fees under Fed. R. Civ. P. 37(a)(5)(B) for having to defend against plaintiff's unsuccessful motion to compel.  Rule 37 dictates that, ordinarily, district courts must order a party whose motion to compel is denied to pay the opposing party's reasonable expenses, including attorneys' fees, incurred in opposing the motion.[27]  "But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."[28]  "The Supreme Court has described the test of 'substantially justified' . . . as 'a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'"[29]  The motion need not be "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person."[30]  Though a close call, the court finds "reasonable people could differ as to the appropriateness of [plaintiff's] request for the evidence."[31]  Ultimately, the court doesn't find plaintiff's motion to be so frivolous as to justify fees, and the court denies defendant's request.

IT IS THEREFORE ORDERED that plaintiff's motion to compel (ECF No. 101) is denied.

---

[27] Fed. R. Civ. P. 37(a)(5)(B).

[28] *Id.*

[29] *Lester v. City of Lafayette, Colo.*, 639 F. App'x 538, 542 (10th Cir. 2016) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

[30] *Id.* (quoting *Pierce*, 487 U.S. at 565).

[31] *Id.* at 543.

IT IS FURTHER ORDERED that defendant's request for attorneys' fees (ECF No. 107) is denied.

Dated December 2, 2020, at Kansas City, Kansas.

                                       s/ James P. O'Hara
                                       James P. O'Hara
                                       U. S. Magistrate Judge