UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PEGGY LYNN LUNDINE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 18-1235-JPO |
| | ) |
| GATES CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**<u>ORDER</u>**

This is a conditionally certified collective action for overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Defendant has filed a motion to dismiss seven opt-in class members because they filed incomplete or untimely responses to discovery questionnaires (ECF No. 115). Because the court does not find the extreme sanction of dismissal justified, the motion is denied.

Pursuant to a scheduling order entered in this case, discovery has been broken into two stages.[1] In the first stage, the parties served questionnaires on each of the opt-in plaintiffs. Plaintiffs' questionnaire was a single page consisting of seven questions. Defendant's questionnaire was thee pages consisting of 19 questions. In the second stage of discovery, defendant may choose up to 35 plaintiffs from whom to pursue more detailed written discovery and depositions. The deadline for the completion of all discovery is April

---

[1] ECF No. 85 at 6-8.

1, 2021. In the instant motion, defendant argues seven opt-in plaintiffs should be dismissed because they failed to *fully* respond (often skipping only one or two questions) in a timely manner to the questionnaires, thereby hindering defendant's pursuit of second-stage discovery.

After an agreed-upon extension, plaintiffs' responses to the questionnaires were due October 9, 2020. Four plaintiffs here at issue (Kayla Blodgett, Heather Brand, Terrance Heller, and Kailey Smith) responded by that deadline, but each failed to answer a question on one of the two questionnaires. Through subsequent meet-and-confer discussions, these plaintiffs corrected their responses on or before November 9, 2020, and have now answered all the questions.[2] A fifth plaintiff, Ethan Hammock, timely responded in full to defendant's questionnaire, but due to an oversight by his counsel, did not provide defendant his response to plaintiffs' questionnaire until December 29, 2020. There is no dispute, then, that these five opt-in plaintiffs have now fully responded to stage-one discovery.

The sixth plaintiff at issue, Michael Kaufman, timely responded to the questionnaires by the deadline, but failed to answer a sub-question to Question 13 on defendant's questionnaire. The sub-question asked him to identify "every supervisor or manager that disciplined you for not performing work before or after your scheduled shift without pay."[3] During meet-and-confer e-mail exchanges between counsel, plaintiffs'

---

[2] *See* ECF No. 122 at 3.

[3] ECF No. 116-5 at 4.

counsel informed defense counsel that Kaufman "did not identify any person on #13.b. because he cannot recall the person's name to identify."[4]  Defendant has refused to accept this response "because it was not a sworn statement by the responding party."[5]  Apparently, rather than defendant simply asking for (or plaintiffs simply offering) a sworn declaration from Kaufman on this sub-answer on a 19-question form, defendant took the draconian step of moving to dismiss Kaufman for a minor discovery infraction.

The final plaintiff concerned in the instant dispute, Jeremy Chamblee, responded to defendant's questionnaire five days late (on October 14, 2020)[6] and did not answer Questions 12 and 16.  Question 12—premised on an earlier question regarding post-shift work—asked whether Chamblee was ever told he "would be counseled or reprimanded if [he] failed to perform this post-shift work without pay."[7]  It is undisputed that Chamblee is not alleging he performed post-shift work, and his counsel informed defendant he did not answer Question 12 for that reason.[8]  Regardless, defendant ridiculously premises its motion to dismiss, in part, on Chamblee's failure to answer this inapplicable question.  As

---

[4] ECF No. 121-1 at 14.

[5] ECF No. 122 at 3.

[6] Plaintiffs explain that because Chamblee's mailing address changed, there was a delay in his receipt of the questionnaire.  After receipt, he returned the questionnaire via Federal Express.  ECF No. 121 at 6.

[7] ECF No. 116-6 at 3.

[8] ECF No. 121-1 at 13.

to Question 16, Chamblee submitted a revised questionnaire answering Question 16 on October 30, 2020.[9]

Based on these facts, defendant moves the court to dismiss with prejudice the seven opt-in plaintiffs. The Federal Rules of Civil Procedure do permit dismissal as a sanction for a plaintiff's failure to prosecute a case, participate in discovery, or comply with court orders.[10] The Tenth Circuit has directed, however, that dismissal is a "severe sanction" that should only be used when lesser sanctions would be ineffective.[11] In other words, dismissal is a "weapon of last, rather than first, resort."[12]

In considering whether a party's conduct warrants this harsh sanction, the court examines the five factors set out by the Tenth Circuit in *Ehrenhaus v. Reynolds*: (1) the degree of actual prejudice to defendant; (2) the amount of interference with the judicial

---

[9] ECF Nos. 121 at 3; 121-1 at 11.

[10] *See, e.g.,* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party ... fails to obey a scheduling or other pretrial order."); Fed. R. Civ. P. 37(b)(2)(A)(v) ("If a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders. They may include the following: ... dismissing the action or proceeding in whole or in part."); Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

[11] *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (quoting *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993)); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[12] *Meade v. Grubbs*, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988) (overruled in part on other grounds); *see also Jones*, 996 F.2d at 264–65 (it was not until discovery deadlines had been continued seven times, plaintiff continually failed to appear for depositions, and plaintiffs failed to pay attorneys' fees despite a court order, that case was dismissed).

4

process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions.[13] Dismissal is warranted only when aggravating factors outweigh the judicial system's "strong predisposition to resolve cases on their merits."[14] Here, the court has no trouble finding the *Erenhaus* factors weigh in plaintiffs' favor and against dismissal.

Turning to the first factor, defendant argues it has been prejudiced by not knowing "which individuals remain in the class to determine how to allocate" its 35 written discovery requests and 35 depositions in the second stage of discovery.[15] The court finds no support for this argument. The discovery deadline is April 1, 2021. Defendant had received completed questionnaires from all but two of the plaintiffs here by November 9, 2020. Defendant had almost five months from that date to select and seek discovery from plaintiffs during stage two. Although defendant did not receive Hammock's completed first-stage discovery until December 29, 2020, and has not technically received Kaufman's response to a single sub-question on defendant's questionnaire, it could have allocated at least 33 of its 35 discovery opportunities and begun second-stage discovery on November

---

[13] 965 F.2d at 920–21.

[14] *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009) (quoting *Ehrenhaus*, 965 F.2d at 921); *see also Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007).

[15] ECF No. 122 at 7.

9, 2020. In the unlikely event defendant can show the need to extend the discovery deadline based on the late responses of Hammock and Kaufman, so that defendant may allocate and pursue its last two discovery opportunities, the court is amenable to defendant filing a motion for extension of time.

Under the second and third factors, defendant has not addressed how the actions of the seven opt-in plaintiffs interfered with the judicial process, nor shown the plaintiffs are culpable. To the contrary, the facts set forth above indicate these plaintiffs made a good-faith effort to timely comply with discovery. Moreover, their counsel has been responsive to defendant's concerns and worked diligently to supply any missing information. If anything, it is defendant who has interfered with the judicial process by bringing this meritless motion

Fourth, the court has not directly warned plaintiffs that their claims would be dismissed if they did not fully answer the discovery questionnaires by the deadline. It's true, as defendant notes, that the scheduling order stated, "[f]ailure to respond to the questionnaire fully *may* result in dismissal from this action,"[16] but the court typically issues a more direct warning before dismissal.[17] At most, this factor is a wash.

---

[16] ECF No. 85 at 6 (emphasis added).

[17] *See, e.g., Jefferson v. Amsted Rail Co., Inc*., No. 18-2620-KHV, 2020 WL 1672665, at *6 (D. Kan. Apr. 6, 2020) ("Judge O'Hara warned plaintiff three times that if she continued to delay discovery and violate court orders, he would recommend that the Court dismiss her claims.").

Likewise, under the fifth factor, the court cannot say that lesser sanctions would be ineffective.  Indeed, defendant has, and has had for quite some time, the missing discovery underlying this motion.  The sole exception is an answer by Kaufman to Question 13.b.  The court now reprimands Kaufman for not correcting this oversight, and orders him to produce his answer under penalty of perjury[18] by **February 23, 2021**.  The court is confident this directive will be heeded.

IT IS THEREFORE ORDERED that defendant's motion to dismiss is denied.

IT IS FURTHER ORDERED that opt-in plaintiff Kaufman shall provide defendant an answer to Question 13.b by **February 23, 2021**, or risk dismissal of his claims.

Dated February 9, 2021, at Kansas City, Kansas.

  s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[18] The scheduling order states, "an unsworn declaration is permissible, notarization is not required."  ECF No. 85 at 6.