IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

PEGGY LYNN LUNDINE,            )
on behalf of herself and others )
similarly situated,            )
                               )
    Plaintiff,              )
                               )
v.                             )    Case No. 18-1235-JPO
                               )
GATES CORPORATION,             )
                               )
    Defendant.              )
_____

# ORDER

Plaintiff, Peggy Lynn Lundine, filed this wage-and-hour lawsuit, individually and on behalf of all similarly situated class members, alleging violations of the Fair Labor Standards Act ("FLSA"). Plaintiff alleges defendant, Gates Corporation, failed to pay her and other hourly manufacturing employees overtime pay for work performed "off the clock" at defendant's plants. The class consists of 112 opt-in plaintiffs, including the named plaintiff.[1] The parties represent they reached agreement on the material terms of a settlement on February 1, 2021.[2] On May 5, 2021, the parties jointly moved to approve the settlement agreement (ECF No. 130), and plaintiff filed an unopposed motion for attorney fees (ECF No. 132). Because of deficiencies within the settlement agreement, the court denies the motions without prejudice.

---

[1] ECF No. 131 at 3.

[2] *Id.*

The court has a duty to ensure FLSA settlements represent a "fair and reasonable" resolution of a bona fide dispute.[3] The proposed settlement must also contain an award of reasonable attorney fees, and the court must determine whether plaintiff's service award is fair and reasonable.[4] The FLSA doesn't require a fairness hearing like that required for class-action settlements brought under Federal Rule of Civil Procedure 23.[5] But this court routinely holds fairness hearings for FLSA settlements unless the parties notify the court that the opt-in plaintiffs had notice of the settlement and an opportunity to object.[6]

Notice and Opportunity to Object

The parties haven't requested a fairness hearing; indeed, they argue one isn't necessary here because "the record is complete with all material facts and terms relating to the settlement of this matter."[7] But their submissions, including their motion and proposed notice and release for class members, don't reflect that the opt-in plaintiffs have had sufficient notice and the opportunity to object.

---

[3] *Stubrud v. Daland Corp.*, No. 14-2252-JWL, 2015 WL 5093250, at *1 (D. Kan. Aug. 28, 2015) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

[4] *Elston v. Horizon Glob. Americas, Inc.*, No. CV 19-2070-KHV, 2020 WL 2473542, at *3 (D. Kan. May 13, 2020).

[5] *Stubrud*, 2015 WL 5093250, at *1.

[6] *Id.* (citing *Tommey v. Computer Sciences Corp.*, 2015 WL 1623025, at *1 (D. Kan. Apr. 13, 2015); *Goldsby v. Renosol Seating, LLC*, 2013 WL 6535253, at *10 (S. D. Ala. Dec. 13, 2013)).

[7] ECF No. 131 at 8.

Significantly, the opt-in notice in this case was approved in October 2019 by the former presiding U.S. District Judge, Eric F. Melgren, long *before* any settlement was reached.[8] And the parties' recently proposed claim and release form doesn't provide an opportunity for plaintiffs to object. Opt-in plaintiffs must be given the opportunity to object to a settlement.[9] Class members are entitled to a new notice informing them of their right to object to the settlement terms and attend a fairness hearing. The court suggests the parties include language along these lines:

> "If you believe that this settlement is unfair, disagree with its terms, or wish to object to the nature of the settlement, in whole or in part, mail your written objection to [Claim Administrator]. You may also appear at a fairness hearing to object in person. The hearing will be held on [date] at [time] at the United States District Court, District of Kansas, 500 State Ave., Kansas City, KS 66101, Courtroom 223."

Release

The release proposed by the parties is overly broad. "Pervasive, overly broad releases have no place in settlements of most FLSA claims."[10] Under the FLSA, employers can't "use the settlement of FLSA claims to extract a general release of claims before paying over the wages. This is unfair, and it provides employers with a windfall should

---

[8] ECF No. 46.

[9] *Foster v. Robert Brogden's Olathe Buick GMC, Inc.*, No. 17-2095-DDC-JPO, 2019 WL 1002046, at *7 (D. Kan. Feb. 28, 2019).

[10] *Elston*, 2020 WL 2473542, at *6.

3

some unknown claim accrue to the employee at a later time."[11]  The FLSA requires employees to pay, unconditionally, a worker's wages.[12]

The proposed claim and release form requires opt-in plaintiffs to agree to a broad release of all wage-and-hour and wage payment claims:

> I am releasing any and all wage and hour and wage payment claims of whatever nature, which I may have against Gates and all entities or individuals related to Gates, whether known or unknown, as a result of actions or omissions whether under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, including but not limited to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., as amended, the Kansas Wage Payment Act, Kan. Stat. § 44-313, et seq. ("KWPA"), and any other federal, state, or local wage and hour or wage payment laws, including any and all claims for unpaid overtime, liquidated damages, unpaid wages, deductions, minimum wages, premium pay, interest, attorneys' fees, injunctive relief, or penalties related to overtime, missed meal periods, missed rest breaks, breach of contract, quantum meruit or retaliation related to wage claims, the prompt pay laws of any state, and other alleged wage and hour violations, and any claims related to the Employment Retirement Income Security Act (ERISA).[13]

---

[11] *Id.* (citing *Christeson v. Amazon.com.ksdc, LLC*, No. CV 18-2043-KHV, 2019 WL 354956, at *6 (D. Kan. Jan. 29, 2019)).

[12] *Christeson*, 2019 WL 354956, at *6 (citing *Bright v. Mental Health Res. Ctr., Inc.*, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012)).

[13] ECF No. 131-1 at 28.

Courts in this district have found similar agreements to be overly broad and unfair to opt-in plaintiffs.[14]  Accordingly, the parties shall revise and narrow the proposed release before submitting a new settlement proposal.

Confidentiality

Finally, the parties' proposed release also includes a confidentiality provision that purports to preclude class members from disclosing the terms of the agreement.  Section XXI of the parties' proposed stipulation and release says "the parties' negotiations and the terms of this settlement agreement shall be held confidential other than necessary disclosures made to the court" and prevents class members and counsel from making any statements to the media or public regarding the settlement.[15]  Courts in this district have ruled FLSA settlement agreements should not be kept confidential.[16]  Such provisions "contravene the legislative purpose of the FLSA."[17]  The court won't approve an agreement containing a confidentiality provision.

By **May 25, 2021**, the parties shall re-file a motion for preliminary approval, addressing these deficiencies.  They shall attach a new settlement agreement and a

---

[14] *See Elston*, 2020 WL 2473542, at *6 (where the proposed agreement provided the parties would "separately execute a mutually agreeable general release of all claims, known or unknown"); *Christeson*, 2019 WL 354956, at *2 (finding language releasing any and all wage claims to be overly broad).

[15] *Stubrud*, 2015 WL 5093250, at *1.

[16] *Id.*

[17] ECF No. 131-1 at 16-17.

proposed 30-day notice to the class.  The court intends to conduct a fairness hearing and consider a motion for final approval by August or September.

    IT IS SO ORDERED.

    Dated May 11, 2021, at Kansas City, Kansas.

                                        s/ James P. O'Hara
                                       James P. O'Hara
                                       U.S. Magistrate Judge