IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

PEGGY LYNN LUNDINE,            )
on behalf of herself and others )
similarly situated,            )
                               )
        Plaintiff,             )
                               )
v.                             )    Case No. 18-1235-JPO
                               )
GATES CORPORATION,             )
                               )
        Defendant.             )
_____

## **ORDER**

The parties in this wage-and-hour FLSA lawsuit filed a joint motion to approve their settlement agreement and a motion for attorney fees on May 5, 2021.[1] On May 11, 2021, the court denied those motions without prejudice, citing several deficiencies in the proposed agreement.[2] Those deficiencies include a confidentiality clause, an overly-broad release, and most notably for the purposes of this order, a discussion about the notice and opportunity to object required for the opt-in plaintiffs.

In its order, the court instructed the parties to re-send a notice to the opt-in plaintiffs, notifying them of the parties' recent settlement and informing them of their right to object to the settlement terms and attend a fairness hearing.[3] The court communicated its intention

---

[1] ECF Nos. 130 and 132.

[2] ECF No. 136.

[3] *Id.*

to conduct a fairness hearing and consider a motion for final settlement approval in August or September of this year.  The parties' initial motion for settlement approval represented they didn't think a fairness hearing was needed in this case.

After the court entered its order, plaintiff's counsel e-mailed the court later that day with the following response:

> Dear Judge O'Hara,
>
> The Plaintiff is in receipt of your current order denying the motion for approval of an FLSA collective action lawsuit without prejudice. The Plaintiff believes the Court may be mistaken on this case's status as compared to the case law cited pertaining to the fairness hearing.  In its order, the Court is requiring the parties to provide notice to the collective class members and an opportunity to object at a fairness hearing.  Under Kansas District case law, this is the approach for when dealing with a Rule 23 putative class or a *pre-conditionally* certified FLSA case where no prior notice had ever been sent to the putative class offering an opportunity to opt-in.
>
> In Foster cited by the Court, the parties settled the case after the court conditionally certified the case, *but before any notice whatsoever* was sent— i.e., there was no collective opt-in class.  Ergo, it was sending the notice to a true putative class.  This was the basis in Foster for a notice and fairness hearing: "Here, the parties ask the court to approve their Agreement preliminarily before any collective action plaintiffs have received notice and the opportunity to opt-in to the lawsuit. This is unusual." Foster v. Robert Brogden's Olathe Buick GMC, Inc., 17-2095-DDC-JPO, 2019 WL 1002046, at *3 (D. Kan. Feb. 28, 2019).  The Foster court further stated:
>
> [Discussing Shepheard v. Aramark Unif. & Career Apparel, LLC, No. 15-7823-DDC-GEB, 2016 WL 5817074 (D. Kan. Oct. 5, 2016)] "the two plaintiffs and the defendant sought final approval of a settlement agreement, but the ***court had not yet conditionally certified the class***; the putative collective action plaintiffs had not received notice; and, thus, ***the putative plaintiffs had yet to receive an opportunity to opt-in***. *Id*  The court explained the problems with this approach: (1) approving the settlement for a named plaintiff would moot the FLSA lawsuit, given the opt-in nature of the collective action, and (2) a named plaintiff has no authority to settle claims

2

> for plaintiffs who have not opted in." Id.  Other courts have held the same regarding pre-conditionally certified notices to FLSA putative classes.
>
> "The District of Kansas has set forth a method for obtaining settlement approval of an FLSA action "[w]hen putative ***class members have not yet received notice of the lawsuit and an opportunity to opt in***."  To obtain preliminary approval of a collective action settlement, "[s]uch a motion should ask the court to: (1) conditionally certify the proposed settlement class; (2) preliminarily approve the proposed settlement; and (3) approve a proposed notice to the putative class members." Once these three items occur, a time period will begin for which putative class members can opt in to the lawsuit. After the opt-in time period expires, "the parties again may move for final approval of the proposed settlement, the attorney's fee award, and the service awards." Wisneski v. Belmont Mgt. Co., Inc., 2:19-CV-2523-JAR, 2020 WL 3218199, at *2 (D. Kan. June 15, 2020) (citations omitted).
>
> Gates deals with person who received notice long ago and opted into the case.  Also, all persons who have opted into this case are the parties to this settlement and have expressly delegated authority to named Plaintiff to settle their claims.  (*See e.g.,* Doc. #65-1).
>
> Plaintiff is not sure of the best manner in which to call this to the Court's attention—motions for reconsideration are typically disfavored.  Plaintiff is not sure whether a request for hearing on this is best or filing a Motion for Reconsideration.
>
> Plaintiff appreciates your attention to this matter.[4]

The court notes the procedural distinction between this case's posture and the posture of *Foster*.  In *Foster*, the parties reached an agreement to settle before the proposed class had been certified.  In one order, Judge Crabtree certified the class and preliminarily approved the settlement, so the notice to the class also included notice of the settlement. Judge Crabtree cited the standard for sufficient notice in that case:

---

[4] *See* 5/11/21 e-mail from Brendan J. Donelon (emphasis in original).

> This court has found notice sufficient when it explained: (1) the terms of the settlement; (2) how to participate in the settlement; (3) the individual amount that the individual plaintiff would receive; (4) the tax consequences of the amount received; (5) how to object to the settlement; and (6) how to contact plaintiffs' counsel should the individual have questions or seek additional information.[5]

This case is different, in that the opt-in plaintiffs have had the opportunity to opt in to the class already, which plaintiff's counsel notes in his e-mail. But in *Stubrud v. Daland Corp.*,[6] the parties sent a notice of the action in 2014 and the case was conditionally certified at that time. Judge Lungstrum denied a motion to approve the settlement in 2015, notifying the parties he intended to conduct a fairness hearing unless the parties demonstrated the opt-in plaintiffs had received notice of the settlement and an opportunity to object.[7] The parties notified each of the class members in writing of the settlement and gave them an opportunity to object.[8] The record doesn't reflect any fairness hearing was ultimately held.

In the instant case, Judge Melgren approved a class notice in 2019, before any settlement. Plaintiff's counsel hasn't pointed to any case law that eliminates the

---

[5] *Foster v. Robert Brogden's Olathe Buick GMC, Inc.*, Case No. 17-2095, ECF No. 43 (D. Kan. July 31, 2018).

[6] Case No. 14-2252-JWL, 2015 WL 5093250, at *1 (D. Kan. Aug. 28, 2015).

[7] *Id.* at 2.

[8] Case No. 14-2252-JWL, ECF No. 72 (D. Kan. Oct. 2, 2015).

4

requirement of notice of the settlement. Indeed, the standard in this district explicitly refers to notice <u>of the settlement</u>.[9]

Based on counsel's e-mail, the court is left with several questions regarding the parties' positions. It's unclear whether the parties are arguing a fairness hearing isn't required at all or one won't be required after they send the opt-in plaintiffs a revised notice. Second, it's unclear if the parties are representing they (1) have already provided the class a proper opportunity to object to the settlement, (2) don't need to provide any such opportunity, or (3) agree to provide an opportunity to object in writing. And if the parties agree to provide an opportunity to object in writing, they haven't clarified whether they still maintain no fairness hearing is necessary.

The court's prior order (ECF No. 136) will remain in effect unless the parties jointly file a formal motion for reconsideration, with a supporting brief that specifically addresses the court's questions and the applicability of *Stubrud* to this case.

IT IS SO ORDERED.

Dated May 14, 2021, at Kansas City, Kansas.

                                              s/ James P. O'Hara
                                              James P. O'Hara
                                              U.S. Magistrate Judge

---

[9] *See, e.g.*, *Stubrud*, 2015 WL 5093250, at *1.