**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **PEGGY LYNN LUNDINE** | ) | |
| *on behalf of herself and others* | ) | |
| *similarly situated*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.:  6:18-cv-1235 |
| | ) | |
| **GATES CORPORATION**, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT MOTION FOR PRELIMINARY APPROVAL OF STIPULATION OF SETTLEMENT AGREEMENT AND RELEASE

**COME NOW**, the Plaintiff Peggy Lundine, on behalf of herself and all other party Plaintiffs, and Defendant Gates Corporation (collectively, the "Parties") and hereby move this Court for an Order approving their Amended Stipulation of Settlement Agreement and Release attached hereto as Exhibit 1 (the "Settlement Agreement").  In support, the Parties state as follows:

The Court denied without prejudice the Parties' Joint Motion For Approval of Stipulation of Settlement Agreement and Release for Collective Action (Docs. #130-131).  In particular, the Court requested the Parties to amend their Settlement Agreement to reflect a requirement for a fairness hearing for the 112 party Plaintiffs, narrowing of the wage and hour claims being released, and removal of language requiring the terms of the Settlement Agreement to be kept confidential.

Regarding the fairness hearing, the Parties amended the Settlement Agreement to add a fairness hearing for the 112 party Plaintiffs.  *See*, Ex. 1, ¶¶ 1.10, 1.12, 5.2; Ex. 1, Ex. B (class notice, ¶ 7)).  If the Court grants this Motion for Preliminary Approval, it will set a date for a fairness hearing (*see*, Ex. 1, Ex. A, ¶ 8).  This date should take into account that Plaintiff will have fourteen (14) days from the Court's order granting preliminary approval to send the Notice, and

party Plaintiffs will have thrity (30) days from such mailing to return their Claim and Release Form or to submit a written objection.

The Court also asked for the narrowing of the wage and hour claims being released. The Parties have adjusted the language to reflect that the party Plaintiffs will be releasing all wage and hour claims as they relate to the specific allegations set forth in the Complaint pertaining to alleged "off the clock" minimum wages and overtime owed for alleged work performed either before or after shifts. *See*, Ex. 1, ¶ 1.20; Ex. 1, Ex. B, ¶ 6.

Finally, regarding the removal of a confidentiality requirement pertaining to the Settlement's terms and conditions, the Parties have removed this requirement. *See*, Ex. 1, ¶ 21.1.

Regarding the grounds for approving this Settlement, the Parties respectfully refer this Court to their initial Memorandum supporting approval of this Settlement (Doc. #131, pp. 7-14).

WHEREFORE, the Parties respectfully request that this Court grant this Joint Motion and enter an order preliminarily approving the terms and conditions of the Stipulation of Settlement Agreement consistent with the courtesy copy provided to chambers.

4850-2485-0666 v.1

Respectfully Submitted this 28th day of May, 2021,



*/s/ Brendan J. Donelon*
Brendan J. Donelon, KS 17420
4600 Madison, Suite 810
Kansas City, Missouri 64112
Tel:    (816) 221-7100
Fax:    (816) 709-1044
brendan@donelonpc.com

Daniel W. Craig
6642 Clayton Rd., #320
St. Louis, Missouri 63117
Tel:    (314) 297-8385
Fax:    (816) 709-1044
dan@donelonpc.com

ATTORNEYS FOR PLAINTIFF

and-

David L. Heinemann
Christopher S. Shank
SHANK & HEINEMANN, LLC
1968 Shawnee Mission Parkway, Suite 100
Mission Woods, KS 66205
Telephone: 816.471.0909
Facsimile: 816.471.3888
davidh@shanklawfirm.com
chris@shanklawfirm.com

*/s/ Christopher J. Eby*
Colin L. Barnacle
Christopher J. Eby
Nelson Mullins Riley & Scarborough LLP
1400 Wewatta Street, Suite 500
Denver, CO 80202
Telephone: 303.583.9900
Facsimile: 303.583.9999
colin.barnacle@nelsonmullins.com
chris.eby@nelsonmullins.com

ATTORNEYS FOR DEFENDANT

4850-2485-0666 v.1