**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

| | |
|---|---|
| **PEGGY LYNN LUNDINE** | ) |
| *on behalf of herself and others* | ) |
| *similarly situated*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No.:  6:18-cv-1235 |
| | ) |
| **GATES CORPORATION**, | ) |
| | ) |
| Defendant. | ) |

_____

# ORDER GRANTING
## APPROVAL OF AMENDED STIPULATION OF SETTLEMENT AND RELEASE FOR COLLECTIVE CLASS MEMBERS

WHEREAS:

A.      On May 5, 2021, the Named Plaintiff Peggy Lundine filed with this Court a Joint Motion and Memorandum of Law for Approval of Stipulation of Settlement Agreement and Release for Collective Action (Doc. #130-131) in this conditionally certified collective class action under § 216(b) of the Fair Labor Standards Act against the Defendant Gates Corporation ("Gates") (and together with Named Plaintiff, the "Parties") in the above-captioned action (the "Civil Action").   On May 28, 2021, the Parties filed a Joint Motion for Preliminary Approval of Stipulation of Settlement Agreement and Release, to which was attached the Amended Stipulation of Settlement Agreement and Release negotiated and agreed to by the Parties and describing the settlement of this Civil Action (the "Amended Settlement Agreement") (Doc. #140, 140-1).

B.      On May 5, 2021, the Plaintiff filed an Unopposed Motion for Approval of Attorney's Fees, Costs and Service Award along with a supporting memorandum and exhibits (Docs. #132-133).

C.      On June 6, 2021, this Court entered an Order Preliminary Granting Parties' Joint Motion for Approval of Amended Stipulation of Settlement and Release for Collective Class

Members (Doc. #141). The Court preliminarily found that the Settlement Agreement was fair, reasonable, adequate, and in the best interests of the Named Plaintiff and Collective Class Members and should be approved. The Court certified Peggy Lundine as the Named Plaintiff and representative of the Collective Class in negotiation of the Amended Settlement Agreement. The Court approved the Notice to the Collective Class attached as Exhibit B to the Amended Settlement Agreement and found that it fully and accurately informed the Collective Class Members of all material elements of this Civil Action and provided procedures for contesting the fairness of, or objecting to, the Amended Settlement Agreement. Finally, the Court set a Fairness Hearing for August 6, 2021 whereby Collective Class Members will have an opportunity to address the fairness of the Amended Settlement Agreement or an objection to the same.

D.    On July 16, 2021, Named Plaintiff filed a Status Report with this Court (Doc. #142). The deadline for any Collective Class Member to submit a written objection per the Amended Settlement Agreement—and set forth in Notice to the Collective Class Members—was July 9, 2021. Per the Notice, any such objection should have been provided to the Named Plaintiff's counsel Brendan J. Donelon of Donelon, P.C. by the July 9, 2021 deadline. In her July 16 Status Report, Named Plaintiff informed the Court that as of the date of that filing, no objections to the Settlement Agreement were received.

E.    Per the information set forth in the Notice to the Collective Class, on August 6, 2021, this Court held a Fairness Hearing at 9:00 a.m. in U.S. Courthouse, Courtroom 223, Kansas City, Kansas. Present at this hearing were counsel for Named Plaintiff Brendan J. Donelon and counsel for Defendant Christopher J. Eby and David L. Heinemann. At this hearing, there were no objections or other communication challenging the fairness of the Settlement Agreement. At this hearing, the Parties moved that this Court grant final approval of the Amended Settlement Agreement for the reasons set forth in their memorandum (Doc. #131).

F.    This Court has duly considered all of the submissions presented with respect to this Motion and Named Plaintiff's Unopposed Motion for Approval of Attorney's Fees, Costs and Service Award.

G.     All capitalized terms in this Order that are not otherwise defined have the same meaning as in the Settlement Agreement.

NOW THEREFORE, after due deliberation, this Court hereby ORDERS that:

1.     This Order will be binding on the Collective Class Members as defined in the Amended Settlement Agreement.

2.     The Court finds that the Amended Settlement Agreement is fair, reasonable and adequate, is in the best interests of the Named Plaintiff and the Collective Class Members and should be approved, especially in the light of the benefits to the Named Plaintiff and the Collective Class Members accruing therefrom, the thorough discovery and investigation conducted by Collective Class Counsel prior to the Settlement Agreement, and the complexity, expense, risks and probable protracted duration of further litigation, including the risk presented by the defenses asserted by Defendant, the risk of  decertification of the conditional collective class, the risk of partial summary judgment, and the delays associated with the litigation process and an appeal.

3.     The Court finds that that attorney's fees and costs requested by Named Plaintiff's counsel Donelon, P.C. are fair and reasonable as requested in the Amended Settlement Agreement for the reasons set forth in Named Plaintiff's memorandum (Doc.  #133).  Per the Amended Settlement Agreement, the Court also approves a service award from the Settlement Fund in the amount of $2,000 to the Named Plaintiff Peggy Lundine for the reasons set forth in Named Plaintiff's memorandum (Doc. #133).

5.     The Amended Settlement Agreement is hereby approved in accordance with § 216 of the Fair Labor Standards Act and shall be consummated in accordance with the terms and provisions thereof.

6.     This Civil Action is hereby dismissed in its entirety, on the merits, as against Defendant with prejudice, and without costs to any party, except to the extent otherwise expressly provided in the Amended Settlement Agreement.  This Court intends this Order to be "Final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

7.      All Collective Class Members who return their Claim and Release Form indicating their intent to participate in the Settlement or who cash or otherwise negotiate any settlement check under the terms of the Amended Settlement Agreement shall conclusively be deemed for all purposes to be permanently barred from commencing, prosecuting, or otherwise maintaining in any court or forum any action against the Released Parties for any and all Released Claims arising during the Covered Period.

8.      Without affecting the finality of this Order, this Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation and enforcement of this Order.  In addition, without affecting the finality of this Order, this Court retains jurisdiction over Defendant, Named Plaintiff and each Collective Class Member for the purpose of enabling any of them to apply to the Court for such further orders and directions as may be necessary or appropriate for the implementation of the terms of the Amended Settlement Agreement and this Order.  Defendant, the Named Plaintiff and each Collective Class Member are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute relating to this Order or the Settlement.

9.      The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Approval Order.

Dated August 6, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge